## KANSAS PACIFIC RAILWAY CO. v. JOHN YANZ.

RAILROADS; KILLING CATTLE; ATTORNEY-FEES; *Bill of Particulars; Sufficiency; Findings — Waiver.* In an action against a railway company in a justice's court under ch. 94 of the laws of 1874, for killing plaintiff's cow, where plaintiff does not allege in his bill of particulars that the company's road was not fenced, and says nothing about attorney-fees except in the prayer for judgment, and the only prayer for judgment is "for said sum of $30, together with costs of suit, and a reasonable attorney-fee for the prosecution of this suit," and the case is tried both in the justice's court and in the district court upon this bill of particulars without any objection being made as to its sufficiency, and the district court finds specially, among other things, that the road was not fenced, that the cow was worth $30, that a reasonable attorney-fee for prosecuting the suit in the justice's court was $10, and in the district court $25, for which sums judgment is rendered against the defendant, with costs, and the defendant then brings the case to the supreme court, and assigns for error merely that "the decision of said *judge* was contrary to law," and the question of the sufficiency of the plaintiff's bill of particulars is raised for the first time in the supreme court, and then by brief only; *held,* that the judgment of the district court will not be disturbed merely because of any supposed insufficiency in the plaintiff's bill of particulars, nor will it be disturbed because of any supposed insufficiency in the findings of the court below with respect to attorney-fees.

*Error from Pottawatomie District Court.*

THE pleadings and proceedings in the court below are fully stated in the opinion. *Yanz* recovered judgment, at the February Term 1875, for $30 for a cow killed by defendant's cars, and $35 attorney-fees, and costs of suit; and the *Railway Company* brings the case here on error.

*J. P. Usher*, and *C. E. Bretherton*, for plaintiff in error.

*Merritt & Merritt*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by John Yanz against the Kansas Pacific Railway Company for killing one of the plaintiff's cows. The act of 1874, (Laws of 1874, pp. 143, 144,) authorizing the recovery of damages and the recovery of attorney-fees in such cases, has already been held by this court to be constitutional and valid. (*K. P. Rly. Co. v. Mower*, ante, p. 573.) The only question then for us now to consider is, whether under said act, and under the facts of this case, the plaintiff is entitled to recover. The action was commenced in a justice's court, and the plaintiff filed a bill of particulars therein, which reads as follows:

(*Title.*) "The said John Yanz, plaintiff, complains of the said Kansas Pacific Railway Company, a corporation operating a railway through the county of Pottawatomie in the state of Kansas, defendant, for that the said plaintiff was, on the 5th of August 1874, the owner of a milch cow of the value of $30, and that the said defendant in operating its railway, and by the engine and cars on the said railway, did kill the said cow of the said plaintiff, to the damage of the said plaintiff $30. And said plaintiff further says, that on the 29th of August 1874 he demanded of said Kansas Pacific Railway Company payment of the damages aforesaid, for said cow killed as aforesaid, which said defendant refused and still refuses to pay.

"Wherefore plaintiff prays judgment for said sum of $30, together with costs of suit, and a reasonable attorney-fee for the prosecution of this suit."

The defendant, for its bill of particulars, filed a general denial. The case was then tried on these pleadings, and judgment was rendered in favor of the plaintiff for $30 for the cow, $10 for attorney-fees, and for costs. The defendant appealed to the district court, where the case was again tried by the court, without a jury. None of the evidence introduced on the trial was preserved, but the court, at the request of the defendant, made special findings of fact and of law. Among the findings of fact were the following, to-wit:

"The railroad of the defendant, at the time and place where said cow was killed, was not fenced.

"On the 28th of September 1874, the plaintiff commenced his suit before Justice Baker, in Wamego township, for the recovery of said damages. A reasonable attorney-fee for the prosecution of said suit by Messrs. Merritt, his attorneys, was $10; and a reasonable attorney-fee for prosecuting the suit on this appeal by said attorneys, is $25."

"The defendant objected to any evidence being given of the value of attorney-fees for prosecuting said suit, or to any finding concerning the same, which objection the court overruled, and the defendant excepted." The court, after making said special findings of fact and law, rendered judgment in favor of the plaintiff for $30 for the cow, $10 for attorney-fees in the justice's court, $25 for attorney-fees in the district court, and for costs. The defendant now brings the case to this court, and assigns for error that, "The decision of said *judge* was contrary to law." This is the only assignment of error. The defendant however, now, as plaintiff in error, claims in its brief that the bill of particulars of the plaintiff below was not sufficient: *First*, because it did not allege that the company's road was not fenced; *second*, because it did not claim as damages as much as the judgment was rendered for. And plaintiff in error also now claims in its brief, that the findings of the court do not support the judgment for attorney-fees. If these questions can or ought to be considered under said assignment of error, which is at least doubtful, we would have to decide upon all of them against the plaintiff in error. No objection was made in the court below to the

38—16 KAS.

plaintiff's bill of particulars. No objection was made to the finding of the court, "that the railroad of the defendant, at the time and place where said cow was killed, was not fenced." And no objection seems to have been made to the introduction of evidence to prove that the road was not fenced. The case was tried from beginning to end as though the plaintiff's bill of particulars was sufficient in every respect, except possibly as to attorney-fees. But even as to attorney-fees, it does not appear from the record that the objection to said evidence and said finding concerning attorney-fees was made because of any supposed defect in the plaintiff's bill of particulars. The objection to the sufficiency of the bill of particulars is really made for the first time in this court, and then it is made by the brief, and not by the petition in error, except possibly by remote inference. We are inclined to think that the bill of particulars, *as a bill of particulars in a justice's court*, is not quite so bad as plaintiff ·in error claims. But even if it is as defective as plaintiff in error claims, still we think the proceeding to trial without any objection thereto, the introduction of evidence under it, as though it was sufficient, and the findings and judgment of the court under it, waived and cured all the supposed defects. In connection with this question, see *Dresser v. Wood*, 15 Kas. 362, 363. It has never been considered, so far as we are aware, that the bill of particulars in a justice's court should state the facts with the same precision, exactness and elaborateness of detail, as a pleading in one of the higher courts; and yet said bill of particulars is about as good as the petition in error in this case.

We think the findings of the court below with respect to attorney-fees were sufficient.

The judgment of the court below will be affirmed.

All the Justices concurring.