THE ST. LOUIS & SAN FRANCISCO RAILWAY CO. v. LOGAN
McREYNOLDS.

1. RAILROAD STOCK LAW; *Defective Bill of Particulars.* In an action commenced before a justice of the peace against a railway company for killing a cow, where the plaintiff's bill of particulars does not state or show that the railway company was either guilty of negligence, or that its road was not. fenced, *held,* that the .bill of particulars is defective and insufficient.

2. DEFECTS OF BILL OF PARTICULARS, *Not Waived.* And where the railway company does not make any appearance in the action, except to take an appeal to the district court, and to make a case for the supreme court, it does not waive the defects or insufficiency of the bill of particulars.

3. AMENDMENT WITHOUT NOTICE, *Error.* It is error for the district court to allow a party to amend his pleading in the absence of, and without notice to, the adverse party.

*Error from Wilson District Court.*

ACTION brought by *McReynolds* against the *Railway Company,* to recover damages for killing a cow belonging to plaintiff. Trial by the court at the May Term, 1880, and judgment for the plaintiff for $30 as damages, $35 as attorney's fee, and for costs. The defendant brings the case here. The opinion contains a sufficient statement of the facts.

*H. H. Harding,* for plaintiff in error.

*C. C. Chase,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought before a justice of the peace under the railroad-stock-killing law of 1874. (Comp. Laws of 1879, pp. 784, 785.) The action was for the value of a cow alleged to have been killed by the railway company, and for attorney's fees and costs. The only pleading in the case filed in the justice's court by the plaintiff below, Logan McReynolds, was a bill of particulars which did not state or show that the defendant railway company

was either guilty of negligence, or that its road was not fenced. The defendant made no appearance in the case, except that after judgment in the justice's court, it appealed the case to the district court, and after judgment in the district court, it made a case for the supreme court. H. H. Harding; who was in fact an attorney for the defendant, made a *special* appearance in the case — not as an attorney for the defendant, but as an *amicus curiæ* only, and moved the court to dismiss the plaintiff's action. It will be noticed, that with regard to the said defects in the plaintiff's bill of particulars, this case is like the case of the *St. L. & S. F. Rly. Co. v. Byron*, ante, p. 350, except that in that case the defendant appeared and objected to the sufficiency of the plaintiff's bill of particulars, while in this case the defendant made no appearance whatever, except as above mentioned. We think that there is no substantial difference, however, between the two cases in this regard. In the Byron case it was held, that the bill of particulars was fatally defective, and so it must be held in this case, and for the same reason. In the Byron case it was held that, as the defendant objected to the sufficiency of the plaintiff's bill of particulars before going to trial upon the merits of the case, by objecting to the introduction of any evidence under such bill of particulars, it (the defendant) did not waive the defects of such bill of particulars as it might have done if it had gone to trial upon the bill of particulars without any objection thereto, and allowed evidence to be introduced on the trial as though the bill of particulars were perfect in every respect. (*K. P. Rly. Co. v. Yanz*, 16 Kas. 583, 586.) And it must be held in this case, that the defendant did not waive any of the defects in the plaintiff's bill of particulars; for it did not make any appearance thereto, or any appearance on the trial. The defendant was, so far as this question is concerned, substantially in default, and its default admitted nothing more than the truth of the facts set forth and alleged in the plaintiff's bill of particulars. The plaintiff had no right, on such default, and in the absence of the defendant, to prove anything not

24—24 KAS.

set forth or alleged in his bill of particulars. Nor could he, on such default, in the absence of the defendant, and without notice to it, amend his bill of particulars in any material respect. (*L. L. & G. Rld. Co. v. Van Riper*, 19 Kas. 317.) Hence the court below erred in the present case in the following particulars: 1, in allowing the plaintiff to go to trial upon his said defective and insufficient bill of particulars. without any waiver, actual or constructive, on the part of the defendant; 2, in allowing the plaintiff to prove that the defendant's railway was not fenced; 3, in allowing the plaintiff to amend his bill of particulars so as to claim an additional amount as and for attorney's fees; 4, and in rendering judgment against the defendant for the value of the cow, and for attorney's fees and costs.

The judgment of the court below will be reversed.

All the Justices concurring.