THE ATCHISON, TOPEKA & SANTA FE RAILROAD
COMPANY v. GEORGE V. BARTLETT.

No. 54.

1. KNOWLEDGE OF HORSES—*Competent Witness.*   A person who
has dealt in horses more or less for a number of years, has bought
and sold horses, owned horses, and has been handling horses
more or less all of his life, although he has not sold yearling or two-
year-old colts for several years, and has not bought this class of
horses for some years, and does not know any person that has sold
or bought within the last year, and says he does not know the
market price at D. city of colts of the age of the ones in con-
troversy, but says he does know the value of these colts, is com-
petent to give in evidence the value of the colts killed.

2. STOCK KILLED—*Proof of Demand.*   Where a demand has been
made in writing on the ticket agent of a railroad company, under
chapter 94 of the Laws of 1874, for the value of stock killed by the
company in the operation of the road, such demand can only be
proven by the written demand itself.   Secondary evidence is not
competent to prove the same, unless the written demand has been
lost or it is beyond the power of the party desiring to use the same
to procure it.

3. ———— *Sufficient Bill of Particulars.*   Where a bill of particu-
lars before a justice of the peace alleges that the railroad com-
pany, with a train of cars on its road, with a locomotive engine
attached thereto for the purpose of propelling the same, which
engine and cars were then in charge of and under the con-
trol of defendant's engineer, fireman, and servants, did at the
place described upon the defendant's road carelessly, wantonly,
maliciously, unlawfully and with gross negligence run its said
locomotive engine and cars, which were operated as aforesaid,
against and over and killed two colts of the plaintiff, giving their
value, although awkwardly worded, it is sufficient to charge the
railroad company with a common-law action for the value of the
colts killed.

4. EVIDENCE—*Demurrer Overruled.*   Where there is sufficient
proof before the jury to make out a *prima facie* case, it is not
error for the court to overrule a demurrer to the evidence.

5. CONFLICTING EVIDENCE—*Verdict, not Disturbed.*   Where the
jury have returned a verdict upon conflicting evidence, and there
was evidence upon which to base the verdict, the court cannot
disturb such verdict, although it may think the preponderance of
evidence to be against such verdict.

MEMORANDUM.—Error from Ford district court; A. J. ABBOTT, judge. Action by George V. Bartlett against The Atchison, Topeka & Santa Fe Railroad Company to recover damages for killing two colts. Judgment for plaintiff. Defendant brings the case here. Affirmed. The opinion herein, filed January 17, 1896, states the facts.

*A. A. Hurd,* and *Stambaugh & Hurd,* for plaintiff in error.

*Ed. H. Madison,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J. : This suit was commenced before a justice of the peace of Ford county, Kansas, by George V. Bartlett against The Atchison, Topeka & Santa Fe Railroad Company, to recover the value of two certain colts alleged to have been killed by the engine and cars of said railroad company. Plaintiff sets out two causes of action in his bill of particulars. The first is brought under chapter 94, Laws of 1874, commonly known as the "stock-killing law," and alleges that where the colts entered upon the railroad track and where they were killed the track was unfenced ; that they did not enter upon the track at or near a public crossing ; that the plaintiff made demand of defendant for the value of said colts of the defendant's ticket agent at its depot in Dodge City, Ford county, Kansas, more than 30 days before the commencement of said action ; that the same was not paid ; and that he had been compelled to employ an attorney to prosecute said action for the recovery of the value of said colts ; and that a reasonable fee for his attorney is $75. As a second cause of action he alleges, that on or about the 9th day of March, 1889, the defendant's

railway-train and cars, with a locomotive engine attached thereto for the purpose of propelling the same, which said engine and cars were then in charge of and under the control of said defendant's engineer, fireman, and servants, did, at the place above described upon said defendant's road, in said county of Ford, carelessly, wantonly, maliciously, unlawfully and with gross negligence run said locomotive engine and cars, which it was operating as aforesaid, against and over and killed the two colts of said plaintiff, giving the value, with an allegation that the road was unfenced at the point where the animals were killed. Both counts are intended to include the killing of two colts of the plaintiff by the railroad company. The case was tried before a justice of the peace and judgment rendered for the plaintiff, and defendant appealed to the district court, where the case was tried before the court and a jury. The jury returned a general verdict for the plaintiff, and made and returned special findings of fact. Defendant below filed a motion for judgment against the plaintiff for costs on the special findings of fact, notwithstanding the general verdict, which motion was overruled, and defendant below excepted. Defendant filed a motion for a new trial, which was overruled, and defendant excepted. Judgment was rendered for plaintiff on the verdict of the jury, to which judgment the defendant duly excepted, and made a case and brings the matter to this court for review.

The first error complained of by plaintiff in error is that the court erred in permitting the plaintiff below, while a witness in his own behalf, to testify as to the value of the colts killed. Counsel contends that the plaintiff did not show that he was possessed of sufficient knowledge of values of horses and colts to make

him competent to give in evidence the value of the colts ; that because he did not know the market price of colts of that age in Dodge City and had not sold or purchased colts of that age for several years, he should not have been permitted to testify as to the value of those colts. The witness gave a description of the colts, age, size, health, and color, and was then asked, "Do you know the value of those horses?" The witness answered, "I do, I think." "Do you know the value of the yearling colt?" "I think I do." "State what it was to the jury." Before the witness answered the question counsel for the defendant below cross-examined the witness as to his means of knowledge of the value of such colts, and in the cross-examination the witness said that he had not sold any yearling colts that year ; did not know anybody that had ; did not know what the market price was at Dodge City for yearling colts ; did not know the market price of two-year-old colts at Dodge City. The witness, after giving the value of the colts, shows that he had had considerable experience with horses ; had handled horses for a number of years, and bought and sold them ; that he was 52 years old ; had dealt in horses a great part of his life ; had dealt in horses occasionally ever since he was 16 years old ; had bought and sold in Ohio, Illinois, Iowa, and Kansas, and had resided in Kansas for 21 years. The evidence shows that the witness had such general knowledge of horses and of their value that he was competent to testify to the value of the colts killed. There was another witness who testified to the value of these colts, whose competency was not questioned, who gave substantially about the same value to the colts that this witness did.

It is contended by counsel for plaintiff in error that

the court erred in permitting plaintiff below to introduce secondary evidence to prove a demand on the railroad company for payment of the damages occasioned by the killing of the colts. From a careful examination of the record, it appears that the court excluded the evidence of the demand offered by plaintiff below, and ruled the same out, and in the instructions of the court to the jury the court limited the right of the plaintiff below to recover, if at all, on the negligence of the railroad company in the management of the train at the time of the killing of the colts. The court said to the jury :

"I instruct you in this case that it is necessary, in order that the plaintiff should recover, that it shall appear to the jury from the evidence and by a preponderance of the testimony that the killing was the result of the negligent, careless management on the part of the employees of the company. If you should find that the animals were killed by the engine in the operation of the company's road, you will then inquire whether the killing could have been avoided by reasonable care and prudence on the part of the employees of the train. One other matter concerning the law before I pass these general instructions. Plaintiff has sued for an attorney's fee. I instruct you in this case that, under the theory of the counsel and the theory pursued in the trial of this case, plaintiff cannot recover an attorney's fee. All there is for you to do is to examine this evidence and ascertain whether or not, under the instructions I have given you and the evidence you have already had before you, the plaintiff is entitled to recover the value of the animals. The attorney's-fee provision of our statute is a statute which is not applicable where the action is brought to recover because of the negligence or carelessness of the company in the killing or injury of the stock ; only that kind where the recovery may be had regardless of that. You will therefore disregard anything that may have been said and pay no attention to what has been introduced be-

fore you in evidence as to attorney's fee, should your verdict be in favor of the plaintiff.''

The court did not regard this action as one under the statute of 1874, which provides for recovery of damages for the killing or injury of stock without regard to the question of negligence where the railroad is unfenced, but treated it as an action at common law. We do not think the question of demand or the want of fence along the line of the railroad had anything to do with the final result of this case, and whatever error there may have been in the admission of evidence in relation to demand was immaterial and could not prejudice the defendant below, as all injurious influence that such evidence could possibly have had was taken away by the charge of the court.

The plaintiff in error contends that this action was brought under chapter 94 of the Laws of 1874, and could not be maintained in the absence of proof of demand in accordance with section 2 of said act. There is no question but that the first cause of action stated in the bill of particulars of the plaintiff below was intended to be laid under the statute, and so far as that cause of action is concerned the plaintiff below could not recover without proof of demand, and such demand could only be proven by competent evidence. There being no competent evidence introduced or given on the trial of this case to prove a demand, the court treated the case in its charge to the jury as an action under the common law. The plaintiff below attempted in the second cause of action to set up in his bill of particulars such facts as would bring his action under the common law, and based his right of recovery on the fact that the killing of his colts was caused by the careless, wanton and malicious acts of the railroad company, through its

employees, in the management of its engine and train of cars in the operation of its road. In this attempt the language employed in framing the bill of particulars is very peculiar and ambiguous, and so connected that it would seem to convey the construction that, instead of the railway company, its agents or employees being guilty of negligence, the *railroad train* did carelessly, wantonly, maliciously, unlawfully and with gross negligence run its locomotive engine and cars against and over and killed the colts. It is contended by counsel for plaintiff in error that, under the peculiar phraseology of the second count of the bill of particulars, it must be held that the charge of carelessness, wantonness and maliciousness was against the *railroad train* and cannot be held to be a charge of negligence against the defendant. Section 140 of chapter 80 of the General Statutes of 1889 reads:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Section 115 of the code of civil procedure reads:

"In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

It is evident that the attorney who drew the bill of particulars was somewhat unfortunate in the wording of this cause of action, but the intention of the pleader is evident from other portions of the cause of action, and we must construe this cause of action as a whole for the purpose of determining the real meaning and sense of the words employed. It was certainly not the intention of the counsel in framing this cause of

action to allege that the *railroad train* ran its engine and cars over the colts of the plaintiff. It is too apparent upon the reading of the entire cause of action that the counsel intended to allege that the colts were killed by the railroad train belonging to defendant below, and that the railroad train was in charge of and under the control of the defendant's servants and employees, and that it was negligently operated by the employees and servants of the company. This mistake could have been cured by amendment at any time if the attention of the court or counsel had been called to it.

In the case of *Crowther v. Elliott*, 7 Kan. 237, KINGMAN, C. J., speaking for the court, says:

"Does the petition state a cause of action? We think it does, very awkwardly and inartistically, certainly, but we cannot be mistaken in the fact that the defendant was made aware of just what the plaintiff complained of, and the relief he sought. 'The court must tolerate modes of statement unsuited to orderly arrangement; the use of words unaptly applied; involved sentences, lacking simplicity and logical accuracy,' if, from the whole petition, the nature of the charge can be ascertained. We find no difficulty in doing so in this case. The contract is made a part of the petition, and is not difficult of construction. The plaintiff says he has duly performed all the conditions imposed upon him by the contract, and specifies wherein the defendant has broken his. 'In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties.'"

There was no objection, by demurrer or otherwise, taken to the second count in the bill of particulars. The case was tried in every respect as though each count in the bill of particulars stated a good cause of

action, and the objection to this count is raised for the first time in this court.   We do not think that the plaintiff in error suffered any prejudice by reason of the defective statements in the second cause of action, or that it was misled in any particular.   It was sufficient to apprise the defendant below of the nature of the claim against it, and it must be held good in this court.

In the case of the *K. P. Rly. Co. v. Yanz*, 16 Kan. 583, VALENTINE, J., speaking for the court, says :

"The case was tried from beginning to end as though the plaintiff's bill of particulars was sufficient in every respect, except possibly as to attorney's fees. But even as to attorney's fees, it does not appear from the record that the objection to said evidence and said finding concerning attorney fees was made because of any supposed defect in the plaintiff's bill of particulars.   The objection to the sufficiency of the bill of particulars is really made for the first time in this court, and then it is made by the brief, and not by the petition in error, except possibly by remote inference.   We are inclined to think that the bill of particulars, as a bill of particulars in a justice's court, is not quite so bad as plaintiff in error claims.   But even if it is as defective as plaintiff in error claims, still we think the proceeding to trial without any objection thereto, the introduction of evidence under it, as though it was sufficient, and the findings and judgment of the court under it, waived and cured all the supposed defects."

The remaining error complained of consists in the overruling of the demurrer of the defendant below to the evidence, the overruling of the motion for judgment on the special findings of fact notwithstanding the general verdict, and the overruling of the motion for a new trial.   We will consider all these objections together.   We do not think the court erred in overruling the demurrer to the evidence, for the reason

that the evidence for the plaintiff, standing alone as it did, was sufficient for the consideration of the jury, and proved a *prima facie* case for the plaintiff below. Was the evidence such as to sustain the verdict of the jury? The evidence shows that the colts of the plaintiff below escaped from his inclosure a short time before they went upon the railroad track and were killed; that the defendant below was operating its road at that time and place with a train of cars consisting of an engine and from 25 to 30 freight cars; that it was going up a grade of about 25 feet to the mile; that it was running at about five to six miles per hour; that the engineer discovered the colts on the right of way before they came upon the track, and upon seeing them blew the whistle of his engine to frighten them away; that the colts ran upon the track in front of the train about 1,000 feet from where they went upon the track to the point where they were killed; that they continued to run along on the track in front of the train until they came upon a high embankment and to an open bridge; that they ran into the bridge and became fastened by reason of their legs passing down between the railroad ties, and the train overtook them in the bridge and they were killed. The jury found that the engineer discovered the colts on the right of way before they came upon the track; that on discovering them he sounded the whistle; that he applied the brakes on the engine before he struck them; that he shut off steam and reversed his engine before the colts were struck. The evidence nowhere shows, nor do the findings of the jury, that after the engineer discovered the colts fast in the bridge he could with safety to his train avoid striking them. The jury found that he reversed his engine and shut off steam before the colts were struck,

but they did not find that he did so as soon as he dis-covered that they were fast in the bridge. The evidence and findings of the jury show that he stopped the engine and train about 150 feet after he passed the point where the colts were struck.

An engineer on seeing stock grazing quietly along the track is not required to stop his train or slack the speed thereof in anticipation that they will come upon the track, but upon seeing stock upon the track ahead of him and running along the track, he should bring his engine under such control that if the stock should run in the cattle-guards or upon bridges he could avoid destroying them. Upon all this evidence the jury found for the plaintiff below, and we are unable to say that the verdict is not sustained by the evidence. The jury heard all the evidence, had the witnesses before them, and it was their duty and right to say what the evidence proved. There was evidence upon which the jury could properly find the verdict which they did, and, having done so, we cannot disturb it.

The judgment of the district court is affirmed.

All the Judges concurring.