Goodsell *v.* Wheeler.

————•◄●►•————

LEWIS GOODSELL *vs.* WARD WHEELER.

A writ ran as follows:—" Then and there to answer unto Ward Wheeler, as committee of School District Number Ten, of said town of R, in a plea that to the said school district the defendant render the sum of ten dollars, which he justly owes for the tuition of his children, as by the rate bills and books of the plaintiff ready in court to be produced fully appears." Held that the school district and not Ward Wheeler was the plaintiff in the writ.

A writ of error to reverse a judgment for the plaintiff brought by the defendant against Ward Wheeler, held insufficient.

WRIT OF ERROR to reverse a judgment of a justice of the peace. The writ in the original action was as follows:—

" To the Sheriff &c. By authority of the state of Connec-

ticut, you are hereby commanded to attach to the value of twenty dollars the goods and estate of Lewis Goodsell, of said Redding, and him summon to appear before Edward P. Shaw, Esq., a justice of the peace for said county, at his dwelling house in said Redding, on the 28th day of October, 1865, at 3 o'clock in the afternoon, then and there to answer unto Ward Wheeler, as committee of School District No. 10, of said town of Redding, in a plea that to the said school district the defendant render the sum of ten dollars, which said defendant justly owes for the tuition of the children of said defendant at different times, as by the rate bills and books of said plaintiff ready in court to be produced fully appears, which said debt the defendant has never paid though often requested and demanded, which is to the damage of the plaintiff the sum of ten dollars, for the recovery of which with just costs the plaintiff brings this suit, &c."

The justice's record of the judgment was as follows:—"At a justice court holden at Redding, within Fairfield county, on the 28th day of October, 1865, present Edward P. Shaw, justice of the peace for said county, holding said court. The School District No. 10, of said Redding *vs.* Lewis Goodsell of said Redding, in an action of book debt. The plaintiff appeared in the person of Ward Wheeler, committee of said district, and was fully ready for trial, but the defendant failed to appear, wherefore judgment was rendered against him by default, and the court finds for the plaintiff to recover of the defendant, the sum of nine dollars and thirty-four cents, being amount of judgment against said defendant, and costs taxed at five dollars and twenty-seven cents. Edward P. Shaw, Justice of the Peace."

The defendant brought the present writ of error to reverse this judgment. The defendant in error demurred specially to the writ of error, on the ground that it showed no judgment in favor of the defendant in error against the plaintiff in error, but only a judgment in favor of School District No. 10, of Redding, against the plaintiff in error. The superior court (*Sanford, J.*) sustained the demurrer, and rendered

judgment for the defendant in error, and the plaintiff in error brought the record before this court by motion in error.

*Sturges*, for the plaintiff in error.

*Sanford*, with whom was *Taylor*, for the defendant in error.

CARPENTER, J. This is a writ of error brought to reverse a judgment of a justice of the peace. In the superior court the defendant in error demurred to the writ, on the ground that the proper party was not made defendant. The court sustained the demurrer, and the plaintiff now brings the record before this court by motion in error.

The writ of error is brought against Ward Wheeler. The only question we care to consider is, whether he, or School District Number Ten, of the town of Redding, was the plaintiff in the original action. If he was not the plaintiff, and judgment was not rendered in his favor, it cannot be reversed on a writ of error brought against him. We are all of the opinion that the plaintiff in the action was the school district. It is true the declaration is somewhat loosely drawn, but we think it is apparent that it was the intention of the pleader to bring the suit in the name of the district, and that the justice so understood it, and rendered judgment accordingly. If so, however defective in form or substance the declaration may be, the judgment cannot be reversed in this proceeding.

Mr. Wheeler is named in the writ, but only " as committee of School District Number Ten." We cannot regard these words as descriptive of the person merely, nor can we reject them as surplusage, as we might perhaps if there was nothing else to indicate that he was not the party. The cause of action is described as an indebtedness to the school district, and there is no intimation of any indebtedness to Mr. Wheeler. The ground of the indebtedness is alleged to be " for the *tuition of the children* of said defendant at different times, as by the *rate bills* and books of said plaintiff, &c." This language is appropriate to the case, and easily enough

understood, if we consider the school district as the party; but otherwise, upon the supposition that Mr. Wheeler is the party.

The judgment rendered is manifestly in favor of the district. The caption of the judgment is, "The School District Number Ten of said Redding, *vs.* Lewis Goodsell of said Redding." The record then goes on to say, "The plaintiff appeared in the person of Ward Wheeler, committee of said district, &c. ;" and there is nothing in the judgment to indicate that he, as an individual, had any interest in it.

There is no error in the judgment complained of.

In this opinion the other judges concurred.