WILTON TOWN COMPANY v. GEO. S. HUMPHREY.

1. EXECUTION; *Recitals; When no Protection to Officer.* An execution which recites a judgment only against B., and is issued upon a judgment only against B., is no protection to an officer in levying upon the property of A., although it commands him· to seize the property of A.

2. CORPORATION—*Actions Against; Misnomer, or Misrecitation.* If a claim sued on before a justice of the peace is a claim against a corporation, service made upon and defense made by the corporation, and judgment in fact rendered against the corporation, such proceedings will not be vitiated by a mere misrecitation of the name of the corporation.

3. JUSTICES OF THE PEACE—*Allowance for their Ignorance.* Great allowance must be made in the proceedings of justices of the peace for their ignorance of legal phraseology, and their want of familiarity with the requirements of judicial proceedings; and if from the record can be gathered what the magistrate intended to do and decide, and there is that which, however irregularly and inartificially prepared, can be construed into an expression of that intention, the record will be upheld as a sufficient record of the intended act and decision.

4. ———— Where an officer acting under an execution which reads as follows : "You are commanded to take into your possession enough of the personal property of the Wilton Town Company to satisfy a judgment of $2.55, together with all costs that have or may accrue in a case wherein J. M. H. was plaintiff, and C. H. N. and J. W. B., officers of the Wilton Town Company, defendants, rendered this 20th day of February 1874, before H. B., a justice of the peace," etc., levied upon certain personal property of said Wilton Town Company, and where it is doubtful from the entire record whether the proceedings and judgment in the action in which the execution was issued, were not in fact prosecuted and rendered against the said Wilton Town Company, and the execution fails to show against whom the judgment actually was rendered, *Held*, that this court will not reverse the ruling of both a justice of the peace and the district court, to the effect that the execution protected the officer in making the levy, and that the town company could not maintain replevin from him.

### *Error from Greenwood District Court.*

REPLEVIN, brought by the *Town Company* against *Humphrey*, before a justice of the peace, to recover possession of an office desk, of the value of thirteen dollars. The defendant justified, and claimed possession, as a constable, under a writ of execution, which is copied in full in the opinion, *infra*. The justice gave judgment for the defendant, and the *Town Company* took the case by appeal to the district court, where it was tried at the April Term 1874, without a jury. The transcript shows that —

"The court, after hearing the evidence, and being fully advised in the premises, ruled and adjudged that the said execution protected the officer, and was a sufficient justification for him, the said defendant, in taking the property in controversy, and that the defendant is entitled to the possession of the property in controversy."

Judgment was given in accordance with this decision in favor of defendant and against the plaintiff, and the costs were taxed at the sum of $217. The *Town Company* brings the case here on error.

*T. L. Davis*, for plaintiff.

*G. H. Lillie*, for defendant.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin, brought by the plaintiff in error, plaintiff below, against the defendant, a special constable. It was first tried before a justice of the peace, and then on appeal in the district court. On both trials judgment was rendered against the plaintiff. The evidence was briefly to this effect—that the property belonged to the plaintiff, and that it was taken by the defendant upon an execution issued by a justice of the peace. The judgment was in favor of John M. Hatfield, and against J. C. Price, C. H. Norton, R. L. Osborn, and J. W. Borton, officers of the Wilton Town Company. The execution was as follows:

"*To G. S. Humphrey, Special Constable:*

" 'You are commanded to take into your possession enough of the personal property of the Wilton Town Company to satisfy a judgment of $2.55, together with all costs that have or may accrue in a case wherein John M. Hatfield was plaintiff, and C. H. Norton and J. W. Borton, officers of the Wilton Town Company, defendants, rendered this 20th day of February, 1874, before Hiram Bersie, a justice of the peace in and for Lane township, Greenwood county, Kansas. Make legal service and due return according to law. Dated this 3d day of March. HIRAM BERSIE, J. P.' "

This is one of those petty cases which never ought to be brought to this court, one in which the principal matter in interest is now the costs; and one in which it is doubtful whether strict rules of law ought to be enforced in the construction of the judgment and process of a justice of the peace, or great allowance made for his ignorance of legal phrase, for the purpose of giving effect to the probable intention of the magistrate. For it cannot be doubted, that an officer is not protected in seizing the property of A. under an execution which recites only a judgment against B., and is issued upon a judgment only against B., notwithstanding it commands him to seize the property of A. So that if this judgment was really against the officers of the Town Com-

pany as individuals, it furnished no basis for an execution against the property of the company; and an execution reciting such judgment is no protection to the officer in making this levy. On the other hand, if the claim sued on was one against the company, the service made upon the company, the defense made by the company, and the judgment in fact rendered by the justice against the company, a misnomer of the company in the judgment, or a misrecitation of the name under which it should have been sued, ought not to vitiate the proceedings. Great allowance often has to be made in the proceedings of these officers, for their ignorance of legal phraseology, and their want of familiarity with the requirements of judicial proceedings, so that if there can be gathered from the record what the magistrate intended to do, and decide, and there is that which, however irregularly and inartificially prepared, can be construed into an expression of that intention, the record will be upheld as a sufficient record of the intended act and decision. With some hesitation we are constrained to sustain the ruling of the district court. The fact that the execution commands the officer to levy upon the property of the company, is evidence that it was the party against whom the proceedings were really had, for it is against all probability that upon a judgment against one party an officer should be directed to seize the property of another. Again, if the proceedings were against certain individuals, it would be strange that any description other than their names should be used, while the language actually used is, in many states, the appropriate description of a corporation. A county is in this state sued as the "Board of county commissioners of the county of ———." (Gen. Stat. p. 254, § 5.) Again, the parties have omitted to bring before us the record and papers of the case before the justice, and it may well be that that record and those papers would tend to make clear what is now doubtful as to the party against whom the proceedings were had, as was the case in *Goodsell v. Wheeler*, 34 Conn. 485. But finally and chiefly, the execution does not recite any judg-

ment. It commands the officer to seize the property of the company to satisfy a judgment rendered in a certain case, but does not declare against whom the judgment was rendered. It is true, the company is not stated as one of the parties, plaintiff or defendant, but it may be that the parties named were the original parties, and though the company was subsequently made a party, yet the justice in obedience or supposed obedience to § 117 of the civil code, which declares that "the title of a cause shall not be changed in any of its stages," continued to describe the action by the names of the original parties. Of course, if the execution were entirely regular upon its face, and recited a judgment against the company, or even recited a judgment in a case in which the company was a party, without specifying against whom it was rendered, it would be protection to the officer, and replevin would not lie. *Westenberger v. Wheaton*, 8 Kas. 169.

The judgment will be affirmed.

All the Justices concurring.