JORDAN BARRACKMAN V. W. L. GIRARD.

DEFECTIVE BILL OF PARTICULARS, *Not Cured; Practice.* Plaintiff commenced an action before a justice of the peace to recover $100 for damages done to his crops by defendant's cattle. A bill of particulars was prepared and filed by an attorney. Evidently, the bill was prepared with the intention of seeking a recovery under § 4, ch. 105, Comp. Laws of 1879; but the bill of particulars was fatally defective, and did not state sufficient facts to constitute a cause of action, either under that section or otherwise. Both parties appeared at the trial. A jury was impanneled and sworn. Thereupon plaintiff, over the objection of defendant, was permitted to reduce his claim from $100 to $20. The jury returned a verdict for plaintiff, and in addition thereto, at plaintiff's request, made certain special findings of fact. These findings indicate that, upon the trial, recovery was sought on the ground that defendant's cattle had broken through a lawful fence into plaintiff's inclosure, and there damaged his crops; but they are not sufficiently full or clear to supply the omissions of the bill of particulars. After motion for new trial, and judgment, defendant attempted to appeal to the district court; but his appeal was dismissed by that court, on the ground that the case was tried before a jury, and that the damages claimed did not exceed $20. Thereupon he sought to review the proceedings before the justice by a petition in error. *Held,* That the petition in error ought to have been sustained; that the bill of particulars was fatally defective; that its defects were not cured by the special findings of fact; and that it is not clear that defendant had a fair trial, or his just day in court.

*Error from Woodson District Court.*

THE nature of this action, and the facts, appear in the opinion. At the June Term, 1881, of the district court, *Girard* had judgment against *Barrackman,* who brings the case here.

*Cates & Keplinger,* for plaintiff in error.

*John R. Goodin,* and *J. O. Fife,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The defendant in error sued plaintiff in error before a justice of the peace. The case was tried before a jury. Verdict and judgment were against the defendant. He filed his petition in error in the district court to review

such judgment, but the same was there affirmed; from this ruling of the district court he brings error to this court. The question therefore before us is, whether upon the record the judgment of the justice ought to stand. That record discloses these facts: The plaintiff, appearing by an attorney, filed the following bill of particulars: "The plaintiff complains of the defendant, and for cause of action against the defendant states that he claims a judgment against the defendant in the sum of one hundred dollars. The plaintiff claims a judgment against the defendant for the above-named sum of one hundred dollars; that the said defendant is a drover, and his cattle damaged said plaintiff's crops to the amount of the above-named sum. Wherefore, the plaintiff demands judgment for the sum above claimed, with interest and costs of suit." The defendant appeared by an attorney, a jury was summoned and sworn, and the case went to trial. Thereupon plaintiff filed a motion to reduce the amount claimed in his bill of particulars to $20, which motion over the objection of defendant was sustained, to which exceptions were duly taken. Objections were also made to any proof of damage until it was first shown that the defendant was a drover, which objections were also overruled, and exceptions taken. The jury returned a general verdict for plaintiff, and also at plaintiff's request made the following findings:

"1st. That said Girard had a lawful fence in the northeast portion of the corn field in controversy? Yes.

"2d. That the cattle belong to said Jordan Barrackman? Yes, a portion of them.

"3d. That the said cattle of said Barrackman knocked down said fence in said northeast portion of said field? Yes.

"4th. That the said W. L. Girard sustained damage by said cattle of said Barrackman? Yes."

A motion for a new trial was duly made and overruled, and judgment entered upon the verdict in favor of plaintiff. An attempt was made to take the case by appeal to the district court, but that court dismissed the appeal, on the ground that the amount claimed in the bill of particulars did not ex-

<div style="margin-left:2em">Statement of facts.</div>

ceed $20, and that the case was tried before a jury. Thereupon these proceedings in error were commenced.

The case presents one of those annoying and vexatious questions like that in *Wilton Town Co. v. Humphrey,* 15 Kas. 372, as to how far proceedings before a justice of the peace which are defective in form ought to be sustained on the claim of a fair trial and substantial justice.

It is not contended in this court that the bill of particulars was sufficient, but it is claimed that the parties went to trial as though it were sufficient, and that any defect therein was cured by the special facts found, and that therefore the case comes within the decision in *K. P. Rly. Co. v. Yanz,* 16 Kas. 584, and the *Rld. Co. v. Taylor,* 17 Kas. 569. It has been repeatedly held that in an examination of proceedings before a justice of the peace, great allowance should be made on account of his supposed ignorance of legal phraseology and want of familiarity with judicial proceedings, and that when both parties appear, and it is evident that a fair trial was had and the substantial rights of both parties protected, the judgment will be upheld notwithstanding technical defects and inaccuracies. Upon this principle, counsel for defendant in error contend that the judgment should be affirmed. Apparently, the bill of particulars was filed under § 4, ch. 105, Comp. Laws of 1879, for it is alleged that defendant was a drover, and that his cattle damaged plaintiff's crops; but it is sadly deficient in failing to allege that the plaintiff's crops were adjacent to the road along which defendant's cattle were passing. Nevertheless, by reason of the charge that defendant was a drover, it conveyed a plain intimation that recovery was sought under said section, and irrespective of the question of fence; yet from the findings, it would seem as though the case was tried upon the claim that defendant's cattle had broken through a lawful fence of plaintiff's, and done the damage. But if that was the ground of recovery, the bill of particulars was equally deficient in failing to allege facts sufficient to constitute a cause of action. It does not allege that plaintiff's crops were inclosed by a lawful fence, or by any

fence. It does not allege any negligence on the part of defendant, but simply states that defendant's cattle had damaged plaintiff's crops, without showing under what circumstances or in what manner the damage was done; and the findings, whatever may have been the intention of the jury, failed to show that plaintiff's crops were protected by a lawful fence, or that defendant's cattle broke through such fence in order to reach the crops. It may also be noticed here, that both parties appeared by attorneys; that therefore something of the reason which compels great allowance in behalf of proceedings before a justice, fails. If the parties consider their case of sufficient importance to employ attorneys, they may fairly expect that something like legal accuracy will be expected and enforced. Here the proceedings were very defective, and it cannot be said upon the record that it is clear that a fair trial was had, and the substantial rights of both parties protected. The bill of particulars contains a clear intimation, as heretofore stated, that the action was brought under said § 4. The defendant had a right to prepare for trial of a right of recovery under such section. He saw that the plaintiff's claim was so great that if mistaken in his supposition as to the ground of recovery, or if defeated on the facts, he could appeal the case to the district court, and there have a second trial. It is fair to presume that he prepared his case for trial, announced himself ready, and went to trial under this supposition. He may have been ready with witnesses to show that he was not a drover; that his cattle were quietly feeding in his own fields; or if a drover and his cattle passing along the road, that plaintiff's crops, instead of being adjacent, were very remote from such road. After a jury had been impanneled, the plaintiff reduces his claim for damages to such an amount as would prevent an appeal if judgment be rendered in his favor, and then proceeds to seek a recovery on the ground that his crops being inclosed by a lawful fence, defendant's cattle had broken through and damaged them. The line of inquiry would be obviously entirely different, and the defendant present with witnesses to defend against one

state of facts, would find himself suddenly confronted with testimony to prove another and entirely different state of facts. Under such circumstances, it is not improbable that he would be unable to make a fair and full defense.

To sum it up, the plaintiff's bill of particulars, prepared by an attorney, fails to state a cause of action either under said § 4 or otherwise. The findings of fact do not clearly and fully, if indeed at all, supply the vital omissions of the bill of particulars. The intimation in the bill of particulars was such as fairly to induce the defendant to believe that the action was under said section, and to lead him to prepare his defense accordingly. After the jury had been impanneled and sworn, the plaintiff attempts to reduce his claim for damages so as to cut off all right of appeal, and then proceeds to seek a recovery not under said section, but upon an entirely different ground. Under those circumstances it is not apparent that the substantial rights of defendant were protected, or that he had his just day in court. The proceedings are defective, and the bill of particulars is not cured by the findings, and justice requires that a new trial should be granted. The judgment of the district court will therefore be reversed, and the case remanded with instructions to sustain the petition in error, to reverse the judgment of the justice, and retain the case for trial in accordance with the provisions of the statute.

*Defective bill of particulars, not cured.*

All the Justices concurring.