THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY V. JOSEPH HOFF.

No. 15,020. (92 Pac. 539.)

SYLLABUS BY THE COURT.

1. PLEADINGS—*Bill of Particulars—Construction.* An informal statement of a material fact will be held sufficient in a bill of particulars before a justice of the peace; but when there is an absolute omission to state a fact essential to the cause of action, and such fact is not inferable from the allegations made, the omission is fatal, if proper objections are interposed to the testimony offered to prove such fact.

2. RAILROADS—*Injury to Stock—Defective Right-of-way Fence.* In an action under the statute against a railroad company for killing stock, caused by its failure to enclose the road with a fence, it is necessary to allege such failure in some manner. This case having been tried upon the theory that the negligence complained of consisted in such failure, and there being no allegation, directly or by inference, of such omission, the recovery cannot be sustained.

Error from Labette district court; THOMAS J. FLANNELLY, judge. Opinion filed November 9, 1907. Reversed.

*E. L. Burton,* and *H. C. Sluss,* for plaintiff in error.
*E. O. Ellis,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: This action was commenced by Joseph Hoff against the St. Louis & San Francisco Railroad Company, before a justice of the peace, to recover the value of a mule alleged to have been injured through

the negligence of the defendant's servants and em-
ployees in the operation of its engine and cars.   There
was no allegation in the bill of particulars that the
right of way was not fenced, nor any statement from
which an inference to that effect could be drawn.   There
was, however, a claim for an attorney's fee, and an
averment that a written demand had been made for
payment.   On appeal to the district court the case was
tried without a jury, and a judgment was rendered for
the value of the mule and for an attorney's fee.

The defendant objected to any evidence under the
bill of particulars, upon the ground that it did not state
facts sufficient to constitute a cause of action, which
objection was overruled.

Evidence was offered showing that there was a gate
through the right-of-way fence between plaintiff's
pasture and the railroad track, opening to a private
crossing; that a wreck occurred near this gate, and in
transferring passengers, soon afterward, from one
train to another around this wreck this gate was re-
moved and placed over a ditch on the plaintiff's land,
where the passengers walked in effecting the transfer.
It appears that openings were also made in this right-
of-way fence into plaintiff's pasture for passengers
where they left the right of way, and where they re-
turned to it beyond the wreck.   The plaintiff's mule
was in this pasture at the time of the wreck, and the
next day was found standing near the track with its
leg broken, and a pool of blood was seen near by.   The
evidence does not disclose how, or by whom, the gate
was removed and the other openings made, unless it is
shown by inference.   The fence was in good condition
and the gate in place the day before the wreck.   The
evidence showing these facts, except that the mule was
injured, was all objected to as being immaterial and
not within the issues, and proper exceptions were
taken.   The defendant also demurred to the evidence,
and offered none in defense.   The errors complained
of relate to the overruling of the preliminary objection

to any evidence, and to the admission of the evidence showing the wreck, the transfer of passengers, the opening of the fence and removal of the gate, etc.; also, to the allowance of an attorney's fee.

It is manifest that the case was tried upon the theory that the liability was based on the failure of the company to have its road enclosed as provided by the statute. (Gen. Stat. 1901, §§ 5859, 5863.) The proof of a written demand, the claim and allowance of an attorney's fee, and the careful inquiry into the condition of the fence before the accident, sufficiently indicate this. Certainly no attorney's fee could be allowed if the suit were based upon negligence in operating the train. (*A. T. & Santa Fe Rld. Co. v. Edwards,* 20 Kan. 531.) In order to recover damages for a failure to fence, there must be an allegation of such omission in the pleadings. (*Hadley v. C. B. U. P. Rld. Co.,* 22 Kan. 359; *St. L. & S. F. Rly. Co. v. McReynolds,* 24 Kan. 368; *Barrackman v. Girard,* 26 Kan. 284.) It is true that a very informal statement is held to be sufficient in a bill of particulars before a justice of the peace; but where there is an absolute omission to state a fact essential to the cause of action, and such fact is not deducible nor inferable from those which are stated, the defect is fatal, where a proper objection is taken and there is no waiver. (*K. P. Rly. Co. v. Taylor,* 17 Kan. 566.) In this case proof of the removal of the fence does not cure the defect, because such proof was duly objected to, and no request was made for leave to amend. The plaintiff now argues that such testimony was competent to show a situation requiring greater care in the operation of the trains, and hence that the injury was the result of negligence in such operation. It seems more reasonable to conclude from the conduct of the trial and the evidence offered that the negligence relied upon was the failure to maintain the fence. (*A. T. & Santa Fe Rld. Co. v. Jones,* 20 Kan. 527.)

In *Barrackman v. Girard, supra,* a similar question

was presented under the general fence law, and the plaintiff there recovered upon the theory and proof that his fields had been enclosed with a lawful fence, through which the defendant's cattle had broken. As he had not alleged such enclosure the judgment was reversed. There, it was essential to allege that the plaintiff's lands were enclosed; here, it was essential to allege that the defendant's right of way was *not* enclosed. Much that was said in the opinion in that case is applicable to this. The trial seems to have proceeded upon the mistaken theory that the existence of a fence was in issue.

The judgment is reversed and the cause remanded for further proceedings.