No. 19,042.

CHARLES E. OLSSON, *Appellant,* v. LAWRENCE TOWNSHIP, in Cloud County, and GRANT TOWNSHIP, in Republic County, *Appellees.*

### SYLLABUS BY THE COURT.

DEFECTIVE BRIDGE—*Injury to Horse—Bill of Particulars—Opening Statement—Cause of Action Stated.* A bill of particulars alleged, among other things, that a certain bridge on the line between two townships (which was also the county line) was of a span of over ten feet; that the highway had been kept open for public travel by the defendant townships, and that such bridge was with their knowledge and consent kept and allowed to remain without guardrails or protection of any kind on either side and in a dangerous and defective

Olsson v. Lawrence Township.

condition, without efficient timbers and stringers for support, and with loose and rotten planks in the floor, by reason whereof the plaintiff's horse was bruised and injured, causing its death. On appeal, in the opening statement plaintiff's counsel said, among other things, that the defects in the highway and bridge were sufficient neglect on the part of the township to cause them to respond in damages, and that plaintiff expected to show that the bridge was ten feet or more in length but with no guardrails as required by law and that the trustees of the townships were informed or had notice of such defect. *Held*, that an objection to testimony on the ground that the bill of particulars and opening statement failed to state a cause of action was erroneously sustained.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed December 12, 1914. Reversed.

*Homer Kennett,* and *Olin Hunter,* both of Concordia, for the appellant.

*A. L. Wilmoth,* of Concordia, *W. D. Vance,* and *R. E. McTaggart,* both of Belleville, for the appellees.

The opinion of the court was delivered by

WEST, J.: This was an action to recover from two adjoining townships in two adjoining counties damages caused by a defective bridge on the road running between such muncipalities. The bill of particulars alleged, in substance, that the highway was at all times therein mentioned open for travel, and kept open by such townships; that the bridge was kept, maintained and allowed to remain without guardrails or protection of any kind on either side, and in a dangerous and defective condition and without proper stringers and with loose and rotten planks, for more than one year, with the knowledge and consent of the townships. On appeal to the district court from a judgment rendered against the townships the plaintiff in his opening statement to the jury said, among other things, that it was expected to show that the injury was caused by reason of the defective highway and defects in the bridge which were sufficient neglect on the part of the townships to cause

them to respond in damages, and that the trustees of the two townships were informed or had notice thereof. An objection to testimony on the ground that no cause of action was stated in the bill of particulars or shown by the opening statement was made and sustained, and judgment was rendered in favor of the defendants, and the plaintiff's request to amend by making each of the counties a party was denied.

Section 658 of the General Statutes of 1909 provides that recovery may be had from a county for damages when caused by a defective bridge constructed wholly or partly by such county, and in any other case such recovery may be had from the township. Section 659 requires the township trustees to have placed on each bridge, of a span of ten feet and over, erected by any township or road district upon any public highway in their respective townships, good and sufficient guardrails. Sections 7308 and 7309, reënacted in section 16 of chapter 248 of the Laws of 1911, provide, in substance, that a road located on a county or township line, although deflected not exceeding forty rods, shall be improved at the expense of the counties or townships contiguous thereto as the case may be. In *Cloud County v. Mitchell County,* 75 Kan. 750, 90 Pac. 286, it was said that these provisions cast the expense of improving such roads upon the contiguous municipalities, and that when the bridge in question became out of repair the duty of restoring it rested equally upon each county. No question of township liability was there involved. (pp. 757, 758.) This case hinges upon the point whether or not the bridge was constructed wholly or partly by the counties so as to make them liable under section 658, or whether this is one of the "other cases" in which recovery may be had from the townships. The question for determination, however, is whether or not the pleading and opening statement wholly fail to charge the townships with liability. It is true that when one sues by virtue of a statute which defines the prerequisites he must bring himself within the terms of such statute.

The facts may be such as to render the townships liable, and not only did the plaintiff sue them, thereby evincing a disposition to hold them responsible for the amount claimed, but he stated the things already indicated from which, if true, the fair inference could be drawn that the townships had built or assumed responsibility for the bridges and failed in their duty to keep them in proper condition. Neither the abstruse science of common-law pleading nor the practical modern rules of code pleading are required to be observed in justice court. It is sufficient if the bill of particulars inform the defendant clearly, though informally or rudely, what the plaintiff claims, for the province of these courts is to settle neighborhood disputes, often without the aid of attorneys. (*Lobenstein v. McGraw,* 11 Kan. 645, 648; *M. K. & T. Rly. Co. v. Brown,* 14 Kan. 557; *K. P. Rly. Co. v. Taylor,* 17 Kan. 566; *Railroad Co. v. Hoff,* 76 Kan. 506, 92 Pac. 539.)

(See, also, *Roberts v. Pendleton,* 92 Kan. 847, 142 Pac. 289; and especially the case of *Bowersox v. Hall,* 73 Kan. 99, 84 Pac. 557.)

The request to make the counties parties, if granted, might have worked a speedier end of the controversy than can now be had, but its refusal was not material error. But as against the objections to the introduction of testimony, we hold that the bill of particulars stated a cause of action and was strengthened rather than weakened by the opening statement.

The judgment is therefore reversed and the cause remanded for further proceedings.