No. 20,244.

CHARLES E. OLSSON, *Appellant,* v. LAWRENCE TOWNSHIP, in
Cloud County, and GRANT TOWNSHIP, in Republic County,
*Appellees.*

### SYLLABUS BY THE COURT.

1. HIGHWAY—*Defective Bridge on County Line—Damages—Liability of Adjacent Townships.* Under sections 658 and 659 of the General Statutes of 1909, in order to hold a county or township responsible for a defective bridge or for failure to maintain guard rails, such bridge must have been wholly or partially constructed by such county or township or erected by some township or road district thereof; mere assumption of responsibility for such bridge after its construction will not work such liability.

2. SAME—*Former Decision Modified.* The former decision herein, *Olsson v. Lawrence Township,* 93 Kan. 440, 144 Pac. 997, is modified as indicated in the preceding paragraph.

3. SAME—*Bridge Built by Township Trustee—Inference of Authority.* Proof that a bridge was built by a township trustee bears the fair inference that he was acting for the township.

4. DEFECTIVE BRIDGE — *Road District Boundaries — Township Records—Competent Evidence.* Township records of the boundaries of its road districts, showing the place of the injury to be within one of such districts, were competent for the purpose of indicating for whom the trustee was acting when he built the bridge.

5. SAME—*County Building Bridge—Knowledge of County Clerk—Competent Evidence.* The knowledge of the county clerk as to whether Cloud county had ever contributed anything towards the building of the bridge was proper to be shown by competent evidence.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed November 11, 1916. Modified.

*Homer Kennett,* and *Olin Hunter,* both of Concordia, for the appellant.

*W. D. Vance, R. E. McTaggart,* both of Belleville, and *A. L. Wilmoth,* of Concordia, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued Lawrence township of Cloud county and Grant township of Republic county to recover for the loss of a horse alleged to have died from injuries received by reason of a defective bridge in a highway between the two

Olsson v. Lawrence Township.

townships. A demurrer to the plaintiff's evidence was sustained and the plaintiff appeals complaining of this ruling and of the rejection of certain evidence. The bill of particulars alleged, among other things, that the bridge was of a span of over ten feet, and was allowed to remain without any guard rails and in a dangerous and defective condition and with loose and rotten planks in the floor, to the knowledge of the defendants. It appears that there was a washout just east of the bridge on the north side of the approach thereto, and the plaintiff coming west drove to the south on account of this washout and his horse stepped upon a portion of a plank projecting over the stringer on the south side of the bridge, when the plank broke causing the horse to fall and receive the injury from which it died. The planks extended some two feet over the stringers and there were no barriers on either side of the bridge. There was testimony that the trustee of Lawrence township a little while after the accident said that the bridge had been in bad condition a long time and that he knew it but that it belonged to Republic county. The statute provides that recovery may be had from the county for damage caused by a defective bridge constructed wholly or partially by such county when the chairman of the board of county commissioners shall have had notice of such defects for at least five days prior to the time when the damage was sustained, "and in other cases such recovery may be from the township, where the trustee of such township shall have had like notice of such defect." (Gen. Stat. 1909, § 658.) Section 659 makes it the duty of the trustees of each township "to cause to be placed, in a substantial manner, and maintained in good repair, on each and every bridge of a span of ten feet and over erected by any township or road district upon any public highway in their respective townships, good and sufficient guard rails on each side of any such bridge."

There was testimony that this bridge was built by a road overseer of Lawrence township, and that the two townships had divided up the road for purposes of repair, Grant township taking the portion including the bridge, and that both townships had to some extent contributed to its maintenance or repair. While the fact that it was built by the trustee may not be proof conclusive that he was acting for his township or for

any road district the natural inference to be drawn is that he was acting for the former and this inference was sufficient on this point to take the case to the jury.

There was no evidence that either county or Grant township had anything to do with erecting the bridge.

The evidence as to the length of the span is somewhat conflicting and still more confusing but a careful examination of the entire showing upon this point leads to the conclusion that this question also should have been submitted to the jury.

Under the allegations and proof the absence of guard rails might justifiably be deemed a contributing cause of the injury, and was for the jury to consider.

When the case was here before it was said to hinge upon the point whether or not the bridge was constructed wholly or partly by the counties so as to make them responsible under section 658, or whether this was one of "the other cases" from which recovery may be had from the townships. And in speaking of the bill of particulars it was said that "the fair inference could be drawn that the townships had built or assumed responsibility for the bridges and failed in their duty to keep them in proper condition." (*Olsson v. Lawrence Township,* 93 Kan. 440, 443, 144 Pac. 997.) The decision of *Horner v. City of Atchison,* 93 Kan. 557, 144 Pac. 1010, logically compels the conclusion that in view of the language of the statutes quoted it is simply a question as to who erected the bridge and that mere assumed responsibility for it after its construction would not render a municipality liable. To this extent the former opinion is modified.

A record of boundaries of road districts in Lawrence township was offered in evidence for the purpose of showing that the place of the alleged injury was included in one of its districts. This record was produced by the township clerk and testified to as a part of the records of the township. It was also testified that the road in question had been used for many years, one witness thirty-seven years old saying it had been used as long as he could remember, and we see no reason why this record was not competent for the purpose of showing that the township recognized the location of the injury as within one of its road districts, which might be somewhat indicative that the township trustee in building the bridge had acted for the township.

The county clerk testified that he knew whether or not Cloud county had ever contributed anything towards the building of this bridge, but was not permitted to state what his knowledge was on the subject, nor whether he knew as to the county having designated the road in question as a county road. Whatever his knowledge was on the former subject was proper to be shown by competent evidence. (*The State v. Schmidt*, 34 Kan. 399, 8 Pac. 867.)

A careful examination of the entire record leads to the conclusion that plaintiff failed to make out a case against Grant township, but offered evidence sufficient to take the case to the jury as to Lawrence township, and hence the judgment is modified by sustaining the demurrer as to the former and overruling it as to the latter.