No. 26,739.

G. H. CUNNINGHAM et al., *Appellants*, v. THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF RICE and THE COUNTY OF
McPHERSON et al., *Appellees*.

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Injuries From Defects—Extent of County's Liability*. Counties
are liable for damages caused by defective highways to the extent only that
they are made so by statute.

2. SAME—*Injuries from Defects—Liability of County—Location of Highway*.
The statute making counties liable for damages caused by defective highways
authorizes recovery only from the county wherein such defective highway
is located.

3. SAME—Recovery cannot be had from one county for damages caused by a
defective highway located in another county.

Appeal from Rice district court; RAY H. BEALS, judge. Opinion filed June
12, 1926. Affirmed.

*Max Wyman, Erskine Wyman* and *Walter F. Jones*, all of Hutchinson, for
the appellants.

*Ben Jones, E. T. Kemper*, both of Lyons, and *G. Nyquist*, of McPherson,
for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action by parents for the death of their son
from injuries received in an automobile accident which occurred on
the county road, on the county line between Rice county and Mc-
Pherson county. The action was filed in Rice county; the boards
of county commissioners of both counties were made defendants.
The board of county commissioners of McPherson county appeared
specially and moved to set aside the service on the ground it could
not properly be sued in Rice county. This motion was sustained.
The board of county commissioners of Rice county demurred to the
petition for the reason that it stated no cause of action against it.
This demurrer was sustained. Plaintiffs have appealed.

We need only inquire if the petition states a cause of action
against the board of county commissioners of Rice county, for, if it
does not, the motion of the board of county commissioners of Mc-
Pherson county was properly sustained.

The petition, so far as is necessary to be here considered, alleges
that the work of constructing the road was done by both counties;

Highways, 29 C. J. pp. 671 n. 76, 673 n. 87, 674 n. 89.

that along the side of the road in McPherson county is a ditch, about eight feet deep and two hundred yards long, which had been excavated by defendants in grading the road; that this ditch was unprotected by guard rails, or otherwise, and was partially obscured by grass, weeds and brush along the edge near the road, and contained about three feet of water; that the traveled portion of the road was so graded as to slope toward this ditch; that by reason of these defects the automobile in which plaintiffs' son was riding as a guest, was driven so that a wheel slipped into the ditch, causing the injuries complained of. Defendant, Rice county, makes the point that the defective road is alleged to be in McPherson county, and the casualty, resulting in the death of plaintiffs' son, occurred in McPherson county, hence that Rice county is not liable. This contention must be sustained. Counties are liable for injuries of this character only to the extent they are made so by statute. (*Rosebaugh v. Allen County Comm'rs*, 120 Kan. 266, 243 Pac. 277; *Wagner v. Edwards County*, 103 Kan. 719, 176 Pac. 140; *Parr v. Shawnee County*, 70 Kan. 111, 78 Pac. 449; *Comm'rs of Marion Co. v. Riggs*, 24 Kan. 255; *Eikenberry v. Township of Bazaar*, 22 Kan. 556.)

The statute creating such liability reads, in part, as follows:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective . . . highway, may recover . . . from the county . . . wherein such defective highway is located . . ." (R. S. 68-301.)

It will be observed that under the statute recovery can be had only from the county wherein the defective highway is located. Under the facts alleged, McPherson county is liable, if the other matters can be shown which are required by statute to establish such liability; but in no event can Rice county be held liable for injuries caused by a defective highway located in McPherson county.

In *Olsson v. Lawrence Township*, 93 Kan. 440, 144 Pac. 997; 99 Kan. 42, 160 Pac. 995, the action was against adjoining townships, in adjoining counties, for damages caused by a defective culvert in a road on a county line between the two townships. The township in which the defect was located and in which the injury occurred, was held liable (*Olsson v. Lawrence Township*, 99 Kan. 42, 45, 160 Pac. 995), and the other township not liable. In *Horner v. City of Atchison*, 93 Kan. 557, 144 Pac. 1010, the city was held not liable for injuries caused by a defective bridge located just outside the

city limits, although the city contributed to its maintenance. The question of maintenance is distinct from that of liability. The statute (R. S. 68-507) provides for improvement and maintenance of intercounty roads, but does not change the statute (R. S. 68-301) with respect to liability; hence the statute last cited governs.

Some other questions are argued, but it is not necessary to consider them. The judgment of the court below is affirmed.