No. 31,644

NED SUMMERVILLE, *Appellee,* v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant.*

(32 P. 2d 224.)

Opinion filed May 5, 1934.

*Wint Smith* and *Edward F. Arn,* attorneys for State Highway Commission, for the appellant.

*A. C. Wilson,* of Oskaloosa, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff was injured at the entrance of a detour on an established state highway system, and brought an action in which judgment was rendered in his favor for $500. On the edge of the detour there was a clump of high weeds and brush growing which tended to prevent people approaching together at this point from seeing one another. A head-on collision occurred between the car in which plaintiff was driving and a truck.

The defendant commission appeals and contends that the evidence did not show that the defect was on a state highway; that weeds permitted to grow at this point did not constitute a defect for which the defendant was liable; that the evidence failed to show that any

employee of defendant received notice of the accident within the terms of the statute; and that the plaintiff and his driver were guilty of contributory negligence. Several miles of U. S. highway 73W were being improved, and the commission arranged for the detour over the county road. It was established and the signs put up by one LeGear. He was in charge of the work and was assisted by several others in marking the detour. When a detour is established, marked and opened for the public, is it within the jurisdiction of the commission, and is the state liable for the maintenance and upkeep of the road and for damages under the statute?

There was a demurrer to plaintiff's evidence which was overruled and at the close of the trial special findings were made and a verdict rendered in favor of plaintiff. The defendant appeals, and first insists that a detour is no part of the state highway system, and further that the state can only be required to pay damages for a defect when it is on a designated state highway.

The statute making the state liable for injuries sustained because of a defect limits the liability of the state to cases which are upon a state highway and then only upon certain restrictive limitations. The material part of the statute giving consent of the state to be sued therefor, and prescribing those limitations of liability, provides as follows:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge or culvert on, or defect in a state highway, not within an incorporated city, may recover such damages from the state of Kansas," etc. (Laws 1929, ch. 225, § 23, R. S. 1933 Supp. 68-419.)

In Kansas we have state roads, county roads, and township roads, and appropriate laws pertaining to each. When the state highway system was created it was provided that the commission should create and establish state highways in every county of the state, not exceeding 8,690 miles, connecting the county seats, the principal cities and market centers, and that these shall constitute the state highway system. All other highways shall be either county or township roads. (Laws 1929, ch. 225, § 3.) Section 23 of that act provides when the state may be held liable for damage caused by any defective bridge or culvert on, or defect in, a state highway, a statutory liability which only exists by virtue of this act, and it is restricted to those actions for damages claimed for defects on state highways. The state has given its consent to be sued for defects causing injury on the state highway system, but not on those

happening on county and township roads. When repairs on the state system are necessary and the road is temporarily closed for that purpose, travelers are remitted to nearby county or township roads which are under the control of the county or township officers, and for defects on these units they are made liable by appropriate statutes. (*Cunningham v. Rice County Comm'rs*, 121 Kan. 269, 246 Pac. 526, and cases cited.)

It appears that some employee of the state arranged with the county commissioners of Jefferson county that a county highway should be used as a detour around several miles of a state highway that was under repair, and this road was marked as a detour of highway No. 73W. Detours are temporary, depending on the time necessary for repairs. Sometimes only a few days are required and at other times a few weeks, but these selections do not convert a county road into a part of the state highway system.

Whether the legislature has power to make the state liable for accidents due to defects on these temporary detours needs no present determination, but it has not done so, and has specifically limited liability to defects in roads that constitute a part of the state highway system. It has been determined that on that system consent had been given by the state to be sued under a number of restrictions. (*McCandliss Const. Co. v. Neosho County Comm'rs*, 132 Kan. 651, 296 Pac. 720.) The limitations prescribed are that a notice must be given of the damages sustained within ninety days. It must show the date and the place as well as the post-office address of the person sustaining the damage and also the character of the damage claimed, and the action cannot be maintained unless it is brought within two years. The funds from which a judgment must be paid come out of the state highway fund on the order of the state highway commission. The plaintiff is not entitled to judgment caused by the negligence of the county or township, nor can any action be maintained against the state except when the injury is sustained on account of a defect in a state highway. This view is carried out to some extent by R. S. 68-121, cited by plaintiff and enacted in 1917, in which detours are mentioned, requiring parties entering into contracts to work on the highway in any city, township, county or district, and that the marking of the detour and the expense of the same shall be paid from the road funds of the county. No provision or authority is cited that the funds of the state may

be used on marking or maintaining a detour on county or township roads. The limits of recovery are that the accident must have happened on a road which was a state highway, and this one happened on a county road. The fact that it was a detour over a county road was for the mere convenience of the public, but no authority was given to the state to pay damages arising from defects therein.

It is something like the case of *Horner v. City of Atchison,* 93 Kan. 557, 144 Pac. 1010, where a bridge, outside but near the corporate limits of the city, had collapsed and damages caused by the collapse were asked for the plaintiff. The city's defense was that the bridge was beyond the corporate limits of the city. It was close to the city and a great convenience to its inhabitants. The city had contributed to the expense of repairing and rebuilding it. It was outside the city limits and in the county and was one for which the county was responsible. It was held that the city had no corporate power except such as the legislature had conferred on it, and that corporate duties were measured by its corporate powers. The power, it was said, ends at the city limits. For roads and bridges in territory lying outside the limits of the city, the legislature has made other provision, and that an essential fact to a recovery by the plaintiff was that the place where the accident occurred was within the limits of the city, and one which the city was bound to make safe for public travel.

Here it was essential to a recovery by plaintiff that the accident resulted from a defect on a designated state highway. It occurred elsewhere and, as we have seen, the state is not authorized to use the state road fund in payment of damages for defects arising elsewhere.

Questions are discussed by counsel applicable to cases where damages are sustained from defects on the state highway. They are not involved in the present case and should be determined in cases where they are involved.

The judgment of the district court is reversed, and the cause remanded with directions to give judgment for defendant.