LEAVENWORTH, LAWRENCE & GALVESTON RLD. CO. V.
JOHN VAN RIPER.

1. AMENDMENT OF PLEADING, *Without Notice to Adverse Party*. It is error for a court to allow a pleading to be amended in a material respect, and then to render judgment thereon in the absence of the adverse party, and without any notice to him.

2. ——— And such amendment is erroneous, even where the action originated in a justice's court, and the amendment relates only to the amount claimed by plaintiff as attorney-fees recoverable in the action.

*Error from Allen District Court.*

ALL necessary facts and proceedings are stated in the subjoined opinion. The district court at July Term 1876, gave judgment in favor of *Van Riper*, plaintiff, and the *Railroad Company* brings the case here.

*S. O. Thacher*, for plaintiff in error.

*John Martin*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was originally commenced in a justice's court. The plaintiff filed a bill of particulars therein, claiming $25 as damages for a cow alleged to have been killed by the defendant railroad company, and $25 as attorney-fees for the prosecution of the action. A summons was issued with the following indorsement thereon, to-wit:

"If defendant fails to appear, plaintiff claims judgment the sum of $25, and costs of suit, and an attorney-fee of $25."

This indorsement was made in pursuance of that provision in the justice's act which reads as follows:

"There shall be indorsed on the writ the amount for which the plaintiff will take judgment if the defendant fail to appear. If the defendant fail to appear, judgment shall not be rendered for a larger amount and the costs."—Gen. Stat. 777, § 11; (id., page 641, § 59.)

At the time set for trial both parties appeared. The de-

fendant then procured a continuance of the case to a subsequent time. At this subsequent time the plaintiff appeared, but the defendant failed to make any appearance. Evidence was then introduced, and the justice rendered judgment in favor of the plaintiff and against the defendant for $25 damages, and $25 attorney-fees, and costs. Afterward the defendant appealed to the district court. In the district court the case came regularly on for trial. The plaintiff again appeared, but the defendant again made no appearance. A jury was impanneled, and evidence was introduced. The plaintiff then, with leave of the court, amended his bill of particulars so as to make the same conform to the facts proved. This amendment consisted merely in changing the claim of $25 for attorney-fees to $40 for attorney-fees. The jury then upon said evidence, and said amended bill of particulars, rendered their verdict in favor of the plaintiff and against the defendant for $58.75 in the aggregate, but did not state how much of the same was for killing said cow, or how much thereof was for attorney-fees. But as the record shows that the plaintiff amended his bill of particulars so as to make the same conform to the facts proved, and so also as to make the amount of his claim for attorney-fees $40, instead of $25, therefore $40 of the amount for which the jury rendered their verdict must have been for attorney-fees, and the balance of said amount, to-wit, $18.75, must have been for damages for killing said cow. The court below rendered judgment in favor of the plaintiff and against the defendant for said amount of $58.75, and the defendant now brings the case to this court for review.

We think the court below committed error in permitting the plaintiff to amend his said bill of particulars in the absence of the defendant and its counsel, and without any notice to either. (*Alvey v. Wilson*, 9 Kas. 401.) The amendment in this case operated as a violation of the spirit if not the letter of said section 59 of the civil code, and said section 11 of the justices code. The defendant made no appearance at the time of the trial; and yet the plaintiff by virtue of this

amendment took judgment for a greater amount than was indorsed on his summons.

Aside from the foregoing sections such an amendment would hardly be proper. It would be a very dangerous practice that would allow parties to amend their pleadings in material respects in the absence of the adverse party, and without any notice to such adverse party. If the adverse party is present at the time the amendment is made, of course he receives notice; but if he is absent, then before the amendment should be made, or at least before it should be acted upon, notice thereof should be specially served upon the adverse party. It is clear, under the code, that a plaintiff could not amend his petition at any time before the answer is filed, whether the time for filing the answer has yet expired, or not, without serving a copy of the amendment upon the defendant. (Gen. Stat. 654, § 136.) And the plaintiff certainly has no greater right to amend his petition or pleading after the answer is filed, than before. In the present case, no answer or pleading of any kind was filed by the defendant. Indeed, no pleading of any kind was filed by either party except said bill of particulars and amended bill of particulars. It was not necessary however for the defendant to file any pleading; for, as we have before stated, the action was commenced in a justice's court. In a justice's court a bill of particulars can be amended only "when, by such amendment, substantial justice will be promoted." (Gen. Stat. 791, § 74.) And in the district court, pleadings can be amended only as follows: "The court may before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding," etc. (Gen. Stat. 655, § 139.) Within the limitations above mentioned the district court may allow a party to amend his pleading, and may allow him to amend so as to "conform the pleading * * * to the facts proved." This the district court may do under said section 139 of the civil code. But we do not think that the district court has authority to allow any pleading to be amended except within the foregoing

rules.   Before an amendment of any pleading should be allowed it should tend to promote justice; it should be in furtherance of justice, and should be made only on proper terms.   Now it can hardly be claimed in any case that a material amendment of a pleading, made in the absence of the adverse party, and without any notice to him, would be in furtherance of justice, or would tend to promote justice. It would hardly tend to promote justice for a party who has set forth one statement of facts, or made one claim in his pleading, to be allowed, after he finds that the other party is absent, and without notice to such other party, to set forth another statement of facts, or make another and different claim in his pleading.   It would hardly be fair for a party who has notified the other party by his pleading that he claimed $25 as attorney-fees, afterward, in the absence of the other party, and without giving such other party any notice, to so amend his pleading as to claim $40 as attorney-fees, and take judgment for that amount.   Every person should have his day in court.   Every person should have an opportunity of litigating the exact matter or claim upon which the judgment affecting his rights is finally rendered.   But if one party may, in the absence of and without notice to the other party, amend his pleading in a material respect, and take judgment thereon, then he may set up a new claim in his pleading and obtain judgment thereon without the other party ever having any opportunity to dispute or to litigate such claim.   This would certainly not be the way that justice should be administered, and it is not the way that justice is usually administered.

The judgment of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.