## DAVENPORT v. JAMISON et al.

No. 9338—Opinion Filed Dec. 31, 1918.

(177 Pac. 550.)

### Judgment—Default—Amended Petition—Notice—Jurisdiction.

J. W. J. and J. N. C. instituted an action in ejectment against R. G. D. and B. S. W. to recover possession of certain lands and tenements and to recover a judgment in the sum of $800 against defendants, claimed to be due as rentals from said lands. R. G. D. filed a disclaimer of any interest in the subject-matter of said action and did not appear at the trial either in person or by counsel. After the evidence was introduced at the trial, the plaintiffs moved the court to be permitted to amend their petition in respect to the amount of rentals claimed. This permission was granted, and the amount of rentals claimed was changed from $800 to $1,493.21. Judgment was rendered in favor of the plaintiffs and against the defendants for the sum of $1,168.21 as rentals due from said lands. No notice was served on R. G. D. of said amendment, and the fact that amendment had been made was not ascertained until after judgment. Held, that the court was without jurisdiction to render a judgment for a greater sum against R. G. D. than was asked for in the original petition, in the absence of notice to R. G. D. of said amendment, and that the excess of the judgment over and above $800 is null and void.

(Syllabus by Davis, C.)

Error from District Court, Okfuskee County; Ben C. Ballard, Special Judge.

Action in ejectment by J. W. Jamison and another against R. G. Davenport and B. S. Whitfield, with cross-petition by defendant Whitfield, against his codefendant, Davenport, and disclaimer by defendant Davenport. Judgment for plaintiffs for possession of lands and for damages, and judgment for defendant Whitfield against defendant Davenport. His motion for new trial was overruled, and he brings error. Affirmed on condition; otherwise, reversed and remanded for a new trial.

Everest, Vaught & Brewer, for plaintiff in error.

W. T. Banks and Roy A. Hockensmith, for defendants in error.

Opinion by DAVIS, C. This action was

begun in the district court of Okfuskee county, Okla., by J. W. Jamison and Jesse N. Childers, as plaintiffs, against R. G. Davenport and B. S. Whitfield, as defendants, to recover possession of the S. W. ¼ of section 31 in township 12 north, range 11 east, situated in Okfuskee county, Okla.

The parties will be referred to as they appeared in the trial court; that is, J. W. Jamison and Jesse N. Childers as plaintiffs, and R. G. Davenport and B. S. Whitfield as defendants.

After service of summons in said cause, the defendant B. S. Whitfield appeared and answered, and also filed cross-petition against his codefendant, R. G. Davenport, in which he asked for judgment against the said R. G. Davenport for the sum of $1,210.

The defendant R. G. Davenport appeared and filed a disclaimer of any interest in the lands and tenements and made no further appearance or defense to said action of the plaintiffs or cross-petition of his codefendant.

The regular district judge, Hon. Geo. C. Crump, was disqualified in said cause because of his relation to the plaintiffs. Thereupon an election was had for the purpose of securing some one qualified to preside as a trial judge in said cause.

After notice was given by M. C. Jones, court clerk of Okfuskee county, Okla., the members of the bar of Okfuskee county met and elected Hon. Ben C. Ballard to preside as judge pro tempore.

On the 17th day of February, 1917, the cause was submitted to Hon. Ben C. Ballard as judge pro tempore. He rendered judgment in favor of the plaintiffs for the possession of the lands and tenements described and set out in said petition, and also rendered judgment in favor of the plaintiffs and against the defendants for the sum of $1,168.21. There was a further judgment rendered in favor of B. S. Whitfield, and against R. G. Davenport, for the sum of $429.29.

No exception was taken to the rendition of these judgment decrees; but on the 19th day of February, 1917, the said R. G. Davenport filed a motion in arrest of the judgment and for a new trial. This motion contained the usual statutory grounds and, among other things, set forth that the said R. G. Davenport was prevented from filing said motion within three days from the rendition of said judgment by unavoidable casuality. This motion was heard on the 10th day of April, 1917, before Hon. Ben C. Bal-

lard, judge pro tempore, and at the conclusion of the hearing the motion was overruled and an exception taken to the acts of the court. From the order overruling the motion for a new trial an appeal has been prosecuted to this court by petition in error.

The question as to whether or not the defendant has been prevented by unavoidable casualty from filing his motion for a new trial within three days from the rendition of the judgment was heard upon a controverted question of fact and is decided adversely to the contention of the defendant. It is conceded by counsel for plaintiff in error that the consideration of this question is eliminated from this cause.

The first proposition urged by the plaintiff in error is that the judgment rendered by the court in favor of the plaintiffs and against the defendants in the sum of $1,168.21 is void for the following reasons:

When the petition was filed in this cause, the plaintiffs asked for a judgment of $800 against the defendants, which is claimed to be the amount due for four years' rentals. When the original petition was filed, summons was duly issued and served upon R. G. Davenport. Mr. Davenport appeared and filed a disclaimer of any interest in the subject-matter of the action. When the cause was subsequently heard, Mr. Davenport did not appear therein either in person or by counsel. When the evidence was concluded, the plaintiffs requested the permission of the court to amend their petition so as to pray for judgment in the sum of $1,493.21, against the defendants. This permission was granted, and the amendment was made, and thereupon the court rendered judgment in the sum of $1,168.21. It is urged here that the amendment of the pleadings in this cause, when the defendant was in default and without notice to him, deprived the court of jurisdiction to render a judgment in a greater sum than that which was originally alleged to be due by the petition on which the summons was issued. In the contention here made we concur to the extent that the judgment that was rendered in excess of the sum of $800 is null and void and should be set aside.

The action of the court in permitting this amendment, and rendering judgment for a greater sum than was originally set out in the petition, is attempted to be justified by the rule announced in Littlefield v. Brown, 68 Okla. 144, 172 Pac. 643.

The question involved in this action is entirely different from the question decided in the case of Littlefield v. Brown. The ques-

tion presented and determined in Littlefield v. Brown was whether or not the court could render a judgment for a greater sum than the amount indorsed on the back of the summons. That is not the question presented in this case. The question presented here is whether or not a suit may be filed and a definite sum asked in said petition, and, after the summons has been served and no defense offered by the defendant, the court has jurisdiction to permit an amendment so as to include a much larger sum than was originally sought to be recovered from the defendant.

Section 4795, R. L. 1910, provides that either party may be allowed, on notice and on such terms as to cost as the court may prescribe, to file a supplemental petition, answer, or reply alleging facts material to the case, occurring after the former petition, answer, or reply. It will be seen that the foregoing provisions specifically provide that notice must be given to the opposite party.

In the instant case the defendant made no defense, and by his action admitted that, if the evidence should warrant a judgment against him, the plaintiffs were entitled to the judgment of $800. Yet, in his absence and without any notice to him when the case was tried and the evidence adduced, the petition was amended so that several hundred dollars more was sought to be recovered against him than the original petition justified. While this question has not been determined by this court, yet the general rule has been adhered to that where the statute provides that notice must be given to the opposite party before amendment in the absence of such notice or some acts upon the part of the complaining parties, which constitutes a waiver, the court is without authority to permit an amendment that is prejudicial to the rights of the party against whom the amendment is made. Lausten v. Lausten, 55 Okla. 518, 154 Pac. 1182.

In the case of R. R. Co. v. Van Riper, 19 Kan. 317, the Supreme Court of Kansas had this question before it for consideration, and cited the following rule:

"It is error for a court to allow a pleading to be amended in a material respect, and then to render judgment thereon in the absence of the adverse party, and without any notice to him."

The said "amendment is erroneous, even where the action originated in a justice's court and the amendment relates only to the amount claimed by the plaintiff as attorney fees, recoverable in the action."

In R. R. Co. v. Van Riper, supra, the Supreme Court of Kansas discusses at length this question, and the construction placed upon this statute by the Supreme Court of Kansas seems to us consistent and wholesome. Should any other rule be attempted, the defendant would always be at a loss to know what the judgment might be rendered against him, should he fail to appear and make a defense to the action. This rule prevents any injustice being done to defendant by plaintiff, and provides that, if circumstances should arise which requires more relief than was asked for in the petition, it is the duty of the plaintiff to first give notice to the defendant so that if the defendant so desires he may appear and defend against the relief sought by the plaintiff.

It may be conceded that the defendant R. G. Davenport was perfectly willing that the judgment in the sum of $800 might be rendered against him as rentals for the land in question. Yet it does not follow that the judgment in the sum of $1,168.21 should be rendered against him.

It is the policy of our courts to give every man his day in court, and summary proceedings are not looked upon with favor where the statute provides that notice is a condition precedent to the taking of any affirmative action.

There appears no good reason why this judgment should be reversed for the reason that the defendant knew he filed a disclaimer, that the plaintiffs were asking for a sum of $800, and at the time the allegations of the petition were such that the court was warranted in rendering a judgment for the sum of $800, if the evidence was sufficient.

We are therefore of the opinion that, if the plaintiff should within 30 days after notice from the clerk of the Supreme Court file a remittitur in this court of the sum of $368.21, the judgment should be affirmed; otherwise, it should be reversed and remanded to the district court of Okfuskee county for further proceedings.

There is one other question presented here for consideration. The legality of the election of the special judge to try this case is called in question. We are of the opinion that the defendant is not in a position in this court to challenge the legality of the election of Hon. Ben C. Ballard as judge pro tempore. The bar of Okfuskee county was regularly called before the ballot was taken, which resulted in Hon. Ben C. Ballard receiving the plurality of the votes cast. He tried this case without any objections being made as to the legality of his election, and not until long after this judgment was rendered was the question raised. We are

therefore of the opinion that under the holdings of this court this objection comes too late.

The one objection urged here is that the judge pro tempore should receive the majority of the votes cast, instead of the plurality. It is frankly conceded that no such condition is required by our statute and that no decision has been found sustaining the contention here made.

We are of the opinion that the rule announced in Kelly v. Roetzel, 64 Okla. 36, 165 Pac. 1150, forecloses the objection here urged against the legality of the election of the judge pro tempore who tried this cause.

These are the only two questions presented for consideration. We are therefore of the opinion that the court was without jurisdiction in this case to render judgment for $1,168.21 against the defendant, for the reason that the amendment was made without notice to the defendant and when the defendant was not contesting the original claim so asserted against him by the plaintiffs. We therefore recommend that the judgment be affirmed upon the condition that the plaintiff, within 30 days from the receipt of notice, file in the Supreme Court clerk's office, a remittitur of the sum of $368.21; otherwise, that the judgment be reversed and remanded for a new trial.

By the Court: It is so ordered.