**AVERY et al. v. JAYHAWKER GASOLINE CO. et al.**

(Two Cases). Nos. 14375, 14598—Opinion

Filed April 15, 1924.

(Syllabus.)

**1. Judgment — Default — Erroneous Allowance of Amendment to Petition Changing Claim.**

It is error for a court to allow a pleading to be amended so as to change substantially the claim or defense, and to render judgment thereon, in the absence of the adverse party, and without notice to him.

**2. Same—Invalidity of Judgment.**

The court is without jurisdiction to render judgment for a greater sum than that asked in the original petition, in the absence of notice to the defendant of an amendment by which a greater sum was asked.

**3. Pleading—Nunc Pro Tunc Amendment Changing Claim.**

It is error for a court to allow an amendment of a petition nunc pro tunc, when said amendment changed substantially the claim of the plaintiff, and was made without notice to the defendant.

**4. Appeal and Error—"Final Orders"—Dismissal and Refusal to Vacate Order.**

An order dismissing a cause is a final order, and an order overruling a motion to vacate such dismissal is a final order, from which a proceeding in error may be prosecuted in this court.

**5. Dismissal—Right to Dismiss After Motions for Judgment on Pleadings.**

The filing of a motion for judgment on the pleadings, and the submission of a cause thereon is not a final submission of the cause, so as to prevent an order of dismissal on the motion of the plaintiff.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Actions by the Jayhawker Gasoline Company against Carr-Broach Company, Cyrus S. Avery. Alf G. Heggem, and M. E. Davis. From orders in favor of the plaintiff, the defendants have appealed. Cases consolidated. Reversed in part, and affirmed in part.

West & Petry, for plaintiffs in error.

Marvin T. Johnson and O. S. Booth, for defendants in error.

NICHOLSON, J. On the 3rd day of July, 1919, the Jayhawker Gasoline Company instituted action No. 9474 in the district court of Tulsa county, against Carr-Broach Company, in replevin, seeking the recovery of the possession of a certain compression gasoline plant and equipment located in Tulsa county, under a chattel mortgage given to secure the payment of an indebtedness in the sum of $10,000; the prayer of the petition being for the possession of said property, or in case possession could not be acquired, for the value thereof in the sum of $12,500. An order of delivery was duly issued, and possession of the property taken by the sheriff thereunder, whereupon the defendant executed a redelivery bond in the sum of $25,000, with Cyrus S. Avery, Alf. G. Heggem, and M. E. Davis as sureties, and the property was returned to the defendant.

The defendant filed answer, but failed to appear at the trial, and judgment was rendered against it for the possession of said property, or for the sum of $12,500, the value thereof, in case a delivery could not be had, and for the further sum of $11,000, damages, for the unlawful and wrongful detention of said property. This judgment was rendered on the 29th day of November, 1921.

On June 8, 1922, the Jayhawker Gasoline Company instituted cause No. 19,345 in said court against Carr-Broach Company and Alf. G. Heggem, M. E. Davis, and Cyrus S. Avery upon the redelivery bond given in cause No. 9474, for the recovery of the sum of $11,000. To the petition in this case, the defendants Heggem, Davis, and Avery filed answer in which they challenge the jurisdiction of the court to render judgment in said cause No.

9474, for damages for detention and depreciation subsequent to the institution of said action for the reason that the petition in said cause contained no allegation as to damages for the detention of said property, nor for the depreciation and deterioration thereof, and that said petition was never amended so as to include any allegations as to such damages, and that said judgment as to the item of $11,000 damages for detention of said property was void. They pleaded that they had paid the costs in said action. To this answer the plaintiff filed a reply, consisting of a general denial.

On the 29th day of August, 1922, the plaintiff filed in cause No. 19345 its motion for judgment in its favor on the pleadings, and the defendants also moved for judgment in their favor on the pleadings. These motions were submitted to Judge Biddison, and were set down for final determination on January 8, 1923, at 1:30 p. m. Judge Biddison's term of office expired on that day, and before he had rendered judgment in said cause he was advised that his successor, Judge Holt, had qualified as judge of said court; thereupon, Judge Biddison proceeded no further. Afterwards, and on January 10, 1923, said cause was by Hon. W. R. Williams, judge of said court, dismissed without prejudice on the motion of the plaintiff.

On October 21, 1922, the plaintiff filed in cause No. 9474, its petition for an order nunc pro tunc correcting the journal entry in said cause, alleging that prior to the rendition of the judgment for $11,000 damages for detention and depreciation of the property involved, it had asked and obtained leave of the court to amend its petition to ask for said sum, but through oversight failed and neglected to so amend said petition upon its face, and the journal entry of such judgment failed to show upon its face that said amendment was permitted, and that the record is silent as to the fact that said amendment was allowed, and prayed that it be permitted to make the pleadings and record speak the truth, and that it be permitted to interline in the petition in said cause a claim for damages for detention and depreciation of said property in the sum of $11,000, and that the journal entry be corrected to show that said amendment was allowed.

To this petition, Avery, Heggem, and Davis filed what they denominated a demurrer, on several grounds. Upon a hearing had, the court, on December 22, 1922, made the order nunc pro tunc as prayed for. On February 20, 1923, the defendants Avery, Heggem, and Davis filed in cause No. 19345, their motion to set aside the order of the court made on January 10, 1923, dismissing said cause, on the grounds that the court was without jurisdiction to dismiss the same for the reason that said cause had been finally submitted for decision upon the merits, and final judgment thereon had been rendered as to the defendant Carr-Broach Company, and said cause heard and submitted by the court as to the moving defendants, and that said motion was filed and passed upon on the same day, in violation of the rules of the court. This motion was overruled.

The plaintiffs in error have perfected two appeals, one from the order in cause No. 19345, refusing to set aside the order of dismissal, which is No. 14598 in this court, and the other from the order nunc pro tunc, correcting the petition and journal entry of judgment in cause No. 9474, which is No. 14375 in this court. These cases have been consolidated.

We will first consider the issues presented in the appeal from the nunc pro tunc order, and in doing this it is essential that we look to the proceedings leading up to the application for said order, as well as the petition therefor.

The petition in the replevin action, as originally drawn and filed, sought only the possession of the property, or the sum of $12,500, the value thereof, in case possession could not be acquired. No mention was made of damages for the detention of said property, or for depreciation or deterioration thereof. To this petition the defendant filed answer pleading facts constituting a complete defense to plaintiff's cause of action, but failed to appear at the trial.

It is alleged in the petition for the nunc pro tunc order that after the plaintiff had announced ready for trial, it asked leave of the court to amend its petition so as to cover and include damages for depreciation and deterioration of the property involved during pendency of the action and that the court permitted the amendment to be made, and thereupon the plaintiff introduced its testimony, and at the conclusion thereof the court rendered judgment for the plaintiff for the return of the property, or if a return could not be had, for the sum of $12,500, the value thereof, and for the sum of $11,000 damages for the unlawful and wrongful detention of said property during the pendency of the action. That although permission was granted to amend the petition so as to ask for damages for detention and depreciation of the prop-

erty, the plaintiff through oversight failed and neglected to amend said petition upon its face, and the journal entry of judgment failed to show upon its face, that said amendment was permitted, and that the record is silent as to the fact that said amendment was allowed.

Taking these allegations as true, do they show facts authorizing the court to make or permit the amendment? The amendment was sought after an answer had been filed, but in the absence of the defendant, and without any notice to it, and after the plaintiff had announced ready for trial on the original petition: therefore, the only statutory authority for an amendment under these circumstances is found in section 318, Comp. Stat. 1921, which provides that:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading * * * by adding or striking out the name of any party, or correcting a mistake in the name of or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading * * * to the facts proved, when such amendment does not change substantially the claim or defense. * * *"

While the allowance or disallowance of amendments under this provision rests largely within the discretion of the trial court, that discretion must be exercised within the bounds of statutory authority. Such amendments must be in furtherance of justice, and can only be allowed if they do not change substantially the claim or defense. If such amendments are not in furtherance of justice, or if they change substantially the claim or defense, their allowance constitutes reversible error. Leavenworth, Lawrence & Galveston R. R. Co. v. Van Riper, 19 Kan. 317. See, also, Haight v. Schuck, 6 Kan. 192; Alvey v. Wilson, 9 Kan. 401; St. Louis & S. F. Ry. Co. v. McReynolds, 24 Kan. 368; Kansas City, L. & S. W. Ry. Co. v. Richolson, 31 Kan. 28. The amendment allowed in this case changed substantially the claim of plaintiff. It permitted a recovery of damages in the sum of $11,000 for which no claim was made in the original petition and of which claim the defendant had no notice. It can hardly be said that a material amendment of a pleading, made in the absence of an adverse party and without notice to him, would be in furtherance of justice. It would not tend to promote justice for a party to claim merely the return of specific personal property, or its value if return cannot be had, and to be allowed, after he finds that the other party is absent, and without notice

to such other party, to set forth by amendment a cause of action for damages for which no mention was made in the pleading to which such other party had answered. It would be manifestly unfair and unjust for a party who has notified the adverse party by his pleading that he merely claimed a return of the property, or its value, afterwards, in the absence of the other party, and without notice to him, to so amend his pleading as to claim damages in the sum of $11,000, and take judgment for that amount.

In the case at bar, the defendants may not have had a valid defense to the plaintiff's cause of action for the possession of the property, but they might, and probably did have a valid defense to the claim for damages, and they should have been given an opportunity of litigating that question.

The court in its nunc pro tunc order finds that notice of such amendment was given to the defendants, but the evidence fails to support this finding. In fact, it is not claimed that notice was given that the petition would be amended, but the attorney for the plaintiff claims to have told one of the attorneys for the defendant he was going to prove damages, and would want the pleadings to conform to the proof. This was not notice of the proposed amendment.

In Davenport v. Jamison, 74 Oklahoma, 177 Pac. 550, it was held that the court was without jurisdiction to render judgment for a greater sum than that asked for in the original petition in the absence of notice to the defendant of an amendment by which additional damages were asked, and that the excess of the judgment over the amount originally asked was null and void.

It is conceded that the damages allowed were for the detention, depreciation, and deterioration of the property subsequent to the institution of the action, and this being true, the plaintiff should have proceeded under section 323, Comp. Stat. 1921, which provides that:

"Either party may be allowed, on notice, and on such terms, as to costs, as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply."

We conclude that the trial court erred in permitting the amendment, and in making the nunc pro tunc order correcting the record to show the same.

This brings us to a consideration of the issues raised by the motion to set aside the order of dismissal in cause No. 19345.

The defendants contend that this is not an appealable order, and that the appeal should be dismissed.

An appeal may be taken from a judgment or a final order. Section 780, Comp. Stat. 1921. And a final order is an order affecting a substantial right in an action when such order, in effect, determines the action and prevents a judgment. Section 781, Comp. Stat. 1921. The order of dismissal determined the action, and was a final order. It disposed of the case as effectually as would a judgment. An order of the court overruling a motion to vacate a judgment is a final order, to review which a proceeding in error may be prosecuted in this court. Vann et al. v. Union Central Life Ins. Co., 79 Okla. 17, 191 Pac. 175. Likewise, an order overruling a motion to vacate a final order is a final order from which an appeal may be prosecuted. Hence, the appeal will not be dismissed.

It appears from the record that after the issues were joined, the plaintiff filed its motion for judgment on the pleadings, and that the defendants joined in said motion, but asked that judgment be rendered for them and the cause was submitted to the court on these motions. After such submission and before judgment was renderd, the plaintiff filed its motion to dismiss said cause without prejudice; that motion was heard on the day it was filed by a judge other than the one to whom the cause was submitted, and an order of dismissal entered, without the knowledge or consent of defendants.

By the provision of section 664, Comp. Stat. 1921, an action may be dismissed by the plaintiff without prejudice, before the final submission of the case to the jury, or to the court where the trial is by the court, and it was under this section of the statute that the plaintiff and court proceeded. So the inquiry is whether or not the action was finally submitted. If this constitutes a final submission, the plaintiff could not dismiss without the consent of the parties interested. Sizemore v. Dill, 93 Okla. 176, 220 Pac. 352.

A motion for judgment on the pleadings is of the nature of a demurrer, and is governed by the rules applicable to a general demurrer. Such motions are not looked upon with favor, and amendments may be made to defeat them. Mires v. Hogan, 79 Okla. 233, 192 Pac. 811. This being true, it necessarily follows that the filing of a motion for judgment on the pleadings and the submission of a cause thereon is not a final submission thereof, so as to prevent an order of dismissal on the motion of the plaintiff. See Naylor v. Eastman National Bank. No. 12981, decided Feb. 26, 1924, 27 O. A. C. R. 391 (not yet officially reported).

We are of the opinion that the judgment in cause No. 14375 in this court (No. 9474 in the trial court) should be reversed, and the cause remanded, with directions to set aside the order nunc pro tunc correcting the petition and journal entry, and that the order of the court in cause No. 14598 in this court (No. 19345 in the trial court) denying the motion to set aside the order of dismissal should be affirmed, and it is so ordered.

JOHNSON, C. J., and McNEILL, HARRISON, COCHRAN, and WARREN. JJ., concur.