## FOSTER v. CONAWAY.

No. 17123—Opinion Filed Nov. 16, 1926.

Rehearing Denied Dec. 14, 1926.

(Syllabus.)

**Judgment—Grounds for Vacation—Amendment of Petition Changing Cause of Action Without Notice.**

Where plaintiff sues in ejectment and to quiet title to real estate and obtains service upon a defendant who is alleged to have an interest in the real estate adverse to the interest of the plaintiff, by publication, and plaintiff's petition neither pleads nor prays for a judgment for rents and profits as against the defendant so served, but during the trial court allows plaintiff to amend his petition, in the absence of the defendant so served and without notice of any kind to him, so as to pray for rents and profits, and the defendant so served, thereafter and within the term, files a motion to vacate the judgment on the ground of want of jurisdiction, the same should have been sustained, although the defendant had, in response to the notice by publication, filed a disclaimer.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Loren Conaway against W. C. Foster and others. Judgment for plaintiff. Motion by defendant named to vacate judgment as to him overruled. and he brings error. Reversed.

C. J. Brown, A. Nicodemus, and Walter E. Latimer, for plaintiff in error.

Woodard & Westhafer and G. O. Grant, for defendant in error.

BRANSON, V. C. J. Herein W. C. Foster prosecutes error from the district sourt of Tulsa county, Okla. The defendant in error, Loren Conaway, will be referred to as the plaintiff, and the plaintiff in error, W. C. Foster, will be referred to as the defendant. The plaintiff sued in ejectment. The relief prayed was both possession and to quiet title to a certain tract of real estate in the city of Tulsa. The affirmative action in quieting title on the prayer of the petition involved the cancellation of a tax deed made on resale. The suit was not only against the defendant, but others, who had or claimed to have an interest in the realty. The defendant Foster was a nonresident. Service was had upon him by publication, and mailing notice and copy of petition as provided by the statute. Responding to such service. the defendant Foster filed an instrument in the cause which is nothing other than a disclaimer of any interest in the property. The petition neither pleaded nor prayed for any relief against the defendant Foster or any of the other defendants for rents or damage for the detention of said real property. During the course of the trial the plaintiff asked and received permission to amend his petition so as to pray for a judgment in the sum of $306.67 as rental on the property involved, and the cause proceeded on the petition as amended. No notice was served upon the defendant, but the trial proceeded, and judgment was rendered accordingly. Shortly thereafter, and within the term, the defendant filed a motion to vacate the judgment, in so far as the same was rendered against him for $306.67, on the ground that the court had no jurisdiction to render such judgment on the record. It is from the order of the court denying this motion that the defendant prosecutes this appeal.

To repeat. the only service had upon the defendant was by publication. He filed a disclaimer on the petition as it then existed. The only question here is: Could the court render such a judgment against the defend-

ant on a petition so amended without notice of any character to him? Section 318, C. O. S. 1921, provides, in effect, that the trial court may allow amendments to pleadings by inserting other allegations material to the case when such amendment does not change substantially the claim or defence. No doubt the plaintiff had a right to amend his petition by permission of the court. We think, under the authorities, that the petition could not be amended in the absence of defendant, so as to substantially change plaintiff's claim without notice to the defendant. This conclusion is supported by the following cases: Davenport v. Jamison, 74 Okla. 82, 177 Pac. 550; Avery v. Jayhawker Gasoline Co., 101 Okla. 286, 225 Pac. 544.

The motion to vacate and set aside the judgment being directed at the same solely on the ground of want of jurisdiction, the trial court should have sustained said motion and vacated the personal judgment in so far as it affected this defendant.

The judgment of the trial court is reversed, with direction to sustain the motion of the defendant, Foster, and to vacate and set aside the personal judgment rendered herein against him.

NICHOLSON, C. J., and PHELPS, MASON, LESTER, HUNT, CLARK. and RILEY, rJ., concur.

Note.—See under (1) 19 C. J. p. 1132, §146; 34 C. J. p. 269, §492.