## ROMBERG v. BLAIN.

No. 27072.  Feb. 23, 1937.

Chapman & Chapman, for plaintiff in error.

Park Wyatt and Byron Lamum, for defendant in error.

PER CURIAM. This action was filed September 9, 1933, by plaintiff against defendant in the district court of Pottawatomie county, Okla., seeking judgment on a promissory note, dated July 13, 1926, and payable October 15, 1926. The note showed endorsement thereon as follows: "Endorsement of Interest: Mar. 26, 1927 to Oct. 15, 1927. Mch. 9-28 to Oct. 15, 1928." Demurrer was filed October 9, 1933, and overruled on February 26, 1934, and answer was filed February 28, 1934, and reply on April 2, 1934. On May 16, 1934, the case came on for trial, and the court sustained objections to the introduction of evidence on the ground that the petition did not state facts sufficient to constitute a cause of action and showed on its face that the alleged cause of action was barred by limitations. Plaintiff was given time and filed an amended petition on June 23, 1934. Motion to make more definite and certain was filed and sustained, and plaintiff filed second amended petition on July 30, 1934. General and special demurrer to second amended petition was filed on August 23, 1934, and on January 9, 1936, same was sustained. Plaintiff elected to stand on his petition, and the action was dismissed, from which ruling of the court the plaintiff duly excepted and perfected his appeal to this court.

In the second amended petition it is alleged that on March 26, 1927, in consideration of the payment of $28.80 interest, the defendant, Blain, agreed verbally with the holder of the note that the due date of the note should be extended until October 15, 1927; and that on March 9, 1928, in consideration of the payment of $36 interest, the defendant, Blain, agreed verbally with the holder of the note that the due date of the note should be extended until October 15, 1928, and that pursuant to said oral agreements the said notations were made on the original note.

This case is governed by the provisions of section 107, O. S. 1931, to wit:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

It is clear that the original petition was filed more than five years after the cause of action therein alleged had accrued, and that such cause of action was barred by the statute of limitations. Section 101, O. S. 1931.

The payment relied upon in the second amended petition to delay the operation of the statute was made more than five years prior to the institution of the action. The promise therein alleged was oral, and therefore inoperative to toll the statute under section 101, supra. Assuming, without deciding, it could be relied upon as an independent oral agreement, the date of its performance was more than three years prior

to the institution of this action, and therefore barred by the statute of limitations applicable to that type of contract.

Since the second amended petition clearly showed on its face that the cause of action alleged therein was barred by the statute of limitations, the court properly sustained the general demurrer thereto.

"Where petition on its face shows the cause of action is barred by statute of limitations, general demurrer is sufficient to raise question." Raymer v. Comley Lumber Co., 169 Okla. 576, 38 P. (2d) 8.

The case is accordingly affirmed.

The Supreme Court acknowledges the aid of Attorneys Kenneth H. Lott, L. L. Cowley, and A. D. Cochran in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Lott and approved by Mr. Cowley and Mr. Cochran, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.